Per Curiam

The statutory mandate (CPLR 3218, subd [a], par 2) that a confession of judgment be entered upon an affidavit by defendant "stating concisely the facts out of which the debt arose and showing that the sum confessed is justly due or to become due” is designed for the protection of third persons who might be prejudiced in the event that a collusively confessed judgment is entered, and not for the protection of the defendant (Giryluk v Giryluk, 30 AD2d 22, affd 23 NY2d 894; County Nat. Bank v Vogt, 28 AD2d 793, affd 21 NY2d 800; CPLR 3218; Practice Commentary by Siegel, C3218:9 in McKinney’s Cons Laws of NY, Book 7B). Consistent with such policy, third-person creditors may seek vacatur of confessed judgments by way of motion (County Nat. Bank v Vogt, supra; CPLR 3218, Practice Commentary by Siegel C3218:16). A judgment debtor, however, who seeks relief from his confession of judgment is relegated to a plenary action (McCabe v Allboro Excavation Co., 31 Misc 2d 721; Smith v Kent, 259 App Div 117; Magalhaes v Magalhaes, 254 App Div 880), as was properly held by the court below in an order affording appellants an ample opportunity to properly proceed which they chose to ignore.
Order, entered August 25, 1975, affirmed, with $10 costs. The appeal from order, entered May 28, 1975 which was superseded by order of August 25, 1975 is dismissed.
Concur: Dudley, J. P., Hughes and Riccobono, JJ.