■ COUNTRY-WIDE LEASING CORP., Appellant, v SUBARU OF AMERICA, INC., et al., Respondents.—In an action to recover damages for breach of an oral contract and for negligent and fraudulent misrepresentations concerning that contract, the plaintiff appeals from a judgment of the Supreme Court,

Nassau County (Burstein, J.), dated March 26, 1986, which, *inter alia,* upon granting the defendants' motion for judgment as a matter of law after the close of the plaintiff's evidence on the ground that the plaintiff failed to make out a prima facie case, is in favor of the defendants and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

We find, in accordance with the trial court's determination, that the Statute of Frauds *(see,* UCC 2-201 [1]) bars the plaintiff's first cause of action to recover damages for breach of an alleged oral agreement approving the plaintiff as a Subaru dealer *(see, Crabtree Automotive v BMW of N. Am.,* 105 AD2d 825; *Swerdloff v Mobil Oil Corp.,* 74 AD2d 258, *lv denied* 50 NY2d 803, 913). The agreement necessarily involved the purchase of goods (to wit, Subaru automobiles) valued at more than $500.

The circumstances of this case are not such as to render it unconscionable to refuse to enforce the promise upon which the plaintiff allegedly relied, since the mere failure to obtain an uncertain prospective benefit does not rise to a sufficient level of unconscionability to warrant the application of the doctrine of promissory estoppel *(see, American Bartenders School v 105 Madison Co.,* 59 NY2d 716; *Philo Smith & Co. v USLIFE Corp.,* 554 F2d 34).

Since we affirm the dismissal of the breach of contract cause of action on Statute of Frauds grounds, we do not reach the alternative grounds for dismissal raised by the defendants.

We further find that the plaintiff has failed to make out a prima facie case to recover damages for negligent misrepresentation *(see, International Prods. Co. v Erie R. R. Co.,* 244 NY 331, *cert denied* 275 US 527; PJI 2:230). Moreover, the cause of action sounding in fraudulent misrepresentation was also properly dismissed, since the promises relied on by the plaintiff were expressions of future expectations rather than statements of existing fact *(see, Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403; *Margrove Inc. v Lincoln First Bank,* 54 AD2d 1105, *appeal dismissed* 40 NY2d 1092). Nor does the record indicate that the defendants intended to defraud the plaintiff *(see, Brown v Lockwood,* 76 AD2d 721; *Manchel v Kasdan,* 286 App Div 483, *affd* 1 NY2d 734).

The previous denial of the defendants' motions for summary judgment did not require, as a consequence, that the defendants' motion for judgment as a matter of law be denied at the trial *(see, Zook v Hartford Acc. & Indem. Co.,* 64 AD2d 701).

We find the plaintiff's remaining contentions to be without merit. Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.