SECOND DEPARTMENT, JULY, 1988

(July 5, 1988)

■ AUSTIN TRAVEL GROUP, INC., et al., Respondents-Appellants, v RICHARD KARSON, Appellant-Respondent.—In an action to recover damages for breach of contract, (1) the defendant appeals from so much of an order of the Supreme Court, Nassau County (Becker, J.), entered July 27, 1987, as denied those branches of his cross motion which were for partial summary judgment on his fourth, sixth, eighth and ninth counterclaims, and for the imposition of sanctions against the

plaintiffs for their alleged failure to provide discovery; (2) the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the defendant's motion which were for partial summary judgment on his first counterclaim and severed that counterclaim, and for partial summary judgment the first and third causes of action of the plaintiffs' complaint, and (3) the plaintiffs further appeal from a judgment of the same court, entered July 27, 1987, which is in favor of the defendant and against them in the amount of $184,271.06 on the first counterclaim.

Ordered that so much of the plaintiffs' cross appeal as is from that portion of the order which awarded the defendant partial summary judgment on his first counterclaim is dismissed; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the cross motion which was for summary judgment on the defendant's eighth counterclaim and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as cross-appealed from and reviewed, and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The cross appeal from so much of the intermediate order as awarded the defendant summary judgment on his first counterclaim is dismissed, because the right of direct appeal therefrom terminated with the entry of judgment on that counterclaim (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on that portion of the cross appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court, Nassau County, properly dismissed the plaintiffs' claims predicated upon the theory of fraudulent inducement and awarded judgment in favor of the defendant on his first counterclaim. Assuming, arguendo, that the defendant made the alleged representations concerning potential sales, any purported reliance thereon by the plaintiffs was not reasonably justified under the circumstances of this case (see, New York State Urban Dev. Corp. v Garvey Brownstone Houses, 98 AD2d 767). Moreover, the alleged representations constituted mere "expressions of future expectations rather than statements of existing fact" (Country-Wide Leasing Corp. v Subaru of Am., 133 AD2d 735, 736, lv denied 70 NY2d 615); hence, they do not provide a sufficient basis for the plaintiffs'

claims of fraud *(see, Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403).

However, the court erred in denying that branch of the defendant's cross motion which was for summary judgment on his eighth counterclaim to recover payment in accordance with the terms of the noncompetition clause set forth in the parties' employment agreement. The record amply demonstrates that the defendant fully complied with the terms of this clause, and the plaintiffs failed to set forth any evidence sufficient to raise a triable issue of fact with respect to this claim. The defendant is therefore entitled to payment pursuant to that clause.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.