■ MARY BURTNER, Appellant, v RICHARD BURTNER, Defendant. KATHLEEN MERCEREAU, as Administratrix of the Estate of RICHARD BURTNER, Deceased, Intervenor-Respondent.—Appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered December 10, 1986, which, *inter alia,* granted the motion of Kathleen Mercereau to vacate and set aside a confession of judgment entered December 7, 1982.

Ordered that the order is reversed, without costs or disbursements, and the motion is denied without prejudice to the right to commence a plenary action.

By order to show cause dated September 16, 1986, the intervenor, acting in her capacity as the administratrix of the estate of the defendant Richard Burtner, moved, within the action in which a judgment by confession had been entered in favor of the plaintiff on December 7, 1982, to vacate and set aside the confession of judgment. The intervenor sought to vacate the confession of judgment on the ground that the affidavit in support of the judgment lacked the requisite specificity to satisfy the requirements of CPLR 3218. The intervenor also submitted an affidavit alleging that the confession of judgment was the product of collusion and fraud. The Supreme Court granted the relief sought on the ground that the confession of judgment lacked sufficient detail and it did not reach the issue of fraud. We now reverse on a procedural ground.

The statutory mandate that a confession of judgment "stat[e] concisely the facts out of which the debt arose and [show] that the sum confessed is justly due" (CPLR 3218 [a] [2]) "is designed for the protection of third persons who might be prejudiced in the event that a collusively confessed judgment is entered, and not for the protection of the defendant" *(Mall Commercial Corp. v Chrisa Rest.,* 85 Misc 2d 613, 614; *see also, Princeton Bank & Trust Co. v Berley,* 57 AD2d 348; *County Natl. Bank v Vogt,* 28 AD2d 793, *affd* 21 NY2d 800). As the personal representative of the defendant's estate, the intervenor stands in the place of the defendant and, therefore, may not challenge the confession of judgment on the ground that the specificity requirements were not satisfied.

However, the intervenor is not without a remedy and can commence a plenary action to seek relief from the confession of judgment on other grounds, including fraud *(see, Affenita v Long Indus.,* 133 AD2d 727, 728; *Wilk v Cohen,* 131 AD2d 466; *Mall Commercial Corp. v Chrisa Rest., supra).*

Accordingly, the Supreme Court should have denied the intervenor's motion without prejudice to her right to commence a plenary action seeking to set aside the confession of judgment and to vacate the judgment entered thereon. Mangano, J. P., Lawrence, Spatt and Harwood, JJ., concur.