■ GERALD WEINSTEIN et al., Respondents, v MARVIN A. POLLACK, Appellant. [617 NYS2d 344] —In an action to vacate a

judgment by confession, etc., the defendant appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), entered April 15, 1993, as (a) granted that branch of the plaintiffs' motion which was to vacate the confession of judgment and (b) denied the defendant's motion to dismiss the complaint pursuant to CPLR 3211 and 3212, (2) from an order of the same court, dated April 8, 1993, which denied his motion for an order of preclusion, and (3) from an order of the same court dated September 10, 1993, which denied his renewed motion for an order of preclusion.

Ordered that the order entered April 15, 1993 is modified, by (1) deleting the provision thereof which granted the plaintiffs' motion to vacate the confessed judgment and, (2) adding to the last paragraph thereof after the words "by Galco to the defendant", the following language: "upon condition that Gerald and Doris Weinstein file in the office of the Clerk of the Supreme Court, Nassau County, an undertaking pursuant to CPLR 6312 (b), and serve a copy of the undertaking upon the defendant", as so modified the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the purpose of setting the amount of the undertaking and the time within which the plaintiffs shall be required to file the undertaking; and it is further,

Ordered that the order dated April 8, 1993 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated September 10, 1993 is affirmed, without costs or disbursements.

The plaintiffs commenced this action seeking, *inter alia,* to vacate a confession of judgment executed by the plaintiffs Gerald Weinstein and Doris Weinstein (hereinafter the Weinsteins) in favor of the defendant. The plaintiffs claim, *inter alia,* that vacatur of the confessed judgment is warranted on the grounds that it was the product of a fraud perpetrated by the defendant. Upon the plaintiffs' motion, the Supreme Court vacated the confession of judgment. In addition, the court denied two separate motions by the defendant to preclude the plaintiffs from offering evidence at trial on the ground that they had failed to furnish a bill of particulars. These orders form the basis of the three separate appeals by the defendant.

We find that the confession of judgment was improperly vacated. The Weinsteins have not made a sufficient showing to

justify vacatur at this juncture in the proceedings. Moreover, it is not apparent from this record that the plaintiff Schwartzman is a creditor of the Weinsteins and, thus, it cannot be ascertained whether Schwartzman is clothed with standing to contest the factual sufficiency of the affidavit of confessed judgment. We also conclude that the Supreme Court properly denied the defendant's motion for dismissal of the complaint and his motions for orders of preclusion.

CPLR 3218 requires that a judgment by confession for money due must be based upon an affidavit which sets forth a concise statement of the facts out of which the debt arose *(see,* CPLR 3218 [a] [2]). The affidavit is required "so that any party interested may be able to investigate the matters and thus ascertain whether the confession of judgment was accurate, honest and bona fide" *(Wood v Mitchell,* 117 NY 439, 441; *see also, McDaniel v Sangenino,* 67 AD2d 698). The statutory mandate " 'is designed for the protection of third persons who might be prejudiced in the event a collusively confessed judgment is entered' " *(Burtner v Burtner,* 144 AD2d 417, 418). Here, the plaintiff Schwartzman, who claims to be a creditor of the Weinsteins, has challenged the sufficiency of the affidavit executed in connection with the confessed judgment. However, the record does not clearly evince that Schwartzman is actually a creditor of the Weinsteins and, contrary to the Supreme Court's view, the defendant does, in fact, take issue with Schwartzman's characterization of himself as such. Accordingly, we remit this matter to the Supreme Court to determine if Schwartzman is a creditor of the Weinsteins, in accordance with CPLR 3218. We note our accord with the Supreme Court's conclusion that the affidavit at issue herein was factually insufficient, but stress that the Weinsteins are clearly without standing to challenge the confession of judgment on this ground *(see, Burtner v Burtner,* 144 AD2d 417, 418, *supra).*

We conclude that the Supreme Court properly denied the defendant's cross motion to dismiss the complaint. The defendant's cross motion sought dismissal of the first, second and seventh causes of action solely on statute of limitations grounds. The first cause of action, which seeks vacatur of the confessed judgment based upon a theory of fraudulent inducement is not time-barred, as the fraud allegedly perpetrated upon the plaintiffs is alleged to have not been discovered until the defendant attempted to enforce the confessed judgment *(see,* CPLR 213 [8]). The second cause of action seeks to vacate the confession of judgment on the grounds that the defendant

is seeking to enforce a judgment based upon monies owed to him arising out of his unauthorized practice of law. The seventh cause of action essentially alleges that the defendant, in his role as a self-styled "Counselor at Tax," had exercised undue influence over the Weinstein plaintiffs in advising them to confess judgments in his favor under the guise of protecting their assets from creditors. Since the gravamen of these claims, as with the first cause of action, is that the plaintiffs were defrauded by the defendant *(see, Western Elec. Co. v Brenner,* 41 NY2d 291), the second and seventh cause of actions are similarly not time-barred *(see,* CPLR 213 [8]).

We note that the defendant seeks dismissal of the first, second and seventh causes of action on several grounds which are unpreserved for appellate review, as they were not raised before the Supreme Court *(see, Jean-Laurent v Nicholas,* 182 AD2d 805). In addition, neither the first nor the seventh causes of action warrant dismissal pursuant to CPLR 3211 (a) (7) *(see, Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 407-408; *Austin Travel Group v Karson,* 142 AD2d 539; *cf., Country-Wide Leasing Corp. v Subaru of Am.,* 133 AD2d 735). Contrary to the defendant's contention, the Weinsteins in the second cause of action, are not seeking to enforce Judiciary Law § 478, but rather are seeking to avoid having to pay the defendant pursuant to an unenforceable agreement to provide services in violation of the statute *(see, El Gemayel v Seaman,* 72 NY2d 701, 705; *Spivak v Sachs,* 16 NY2d 163, 168).

We agree with the Supreme Court's determination that there exists a need to maintain the *status quo* pending the determination of the merits in this action and that the plaintiffs have made a sufficient showing to warrant the granting of preliminary injunctive relief *(see, Weissman v Kubasek,* 112 AD2d 1086). Accordingly, the defendant is preliminarily enjoined from taking any steps to enforce either the subject confessed judgment or the mortgage given by Gerald and Doris Weinstein to Edward and Julius Rubinstein and assigned to Galco Merchandising Corp. and thereafter assigned by Galco to the defendant.

We affirm the order dated September 10, 1993, for the reasons stated therein.

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.

■ THOMAS R. WINANT, as Administrator of the Estate of