■ COOPER, SELVIN & STRASSBERG, Appellant, v SODA DISPENSING SYSTEMS, INC., Respondent. [622 NYS2d 319] —In an action to recover payment for accounting services allegedly rendered, in which a judgment by confession was entered in

favor of the plaintiff and against the defendant for $24,625.22, the plaintiff appeals from an order of the Supreme Court, Westchester County (Burrows, J.), dated August 5, 1993, which, *inter alia,* granted the defendant's motion to vacate the judgment by confession.

Ordered that the order is affirmed, with costs.

The defendant was a close corporation owned by two shareholders, each of whom owned 50% of the shares. One shareholder held the office of president of the corporation, while the other served as vice-president and secretary. The shareholders' agreement stated that neither shareholder could "sell, mortgage or encumber any corporate property nor sell nor liquidate any of the assets of [the defendant] except in the usual course of business, without the written consent of the other", and that any check written by the defendant for more than $1,000 required the signature of both shareholders.

In March 1992 the defendant agreed to sell all of its assets to a third party, and ceased operating as a business. Pursuant to the sale agreement, two-thirds of the net proceeds of the sale were to be paid to the defendant's vice-president, and one-third to its president. The sale agreement further provided that $9,900 was to be paid to the plaintiff for accounting services provided to the defendant "through March 19, 1992".

In April 1993, after a dispute arose between the shareholders as to whether and when the defendant's vice-president would be paid his share of the net proceeds, the defendant's president executed an affidavit of confession of judgment in favor of the plaintiff for the principal sum of $18,554 for "accounting services", $5,000 for attorneys' fees, and interest at 9% per annum accruing from November 30, 1992. Judgment by confession for $24,625.22 was entered, and the defendant moved to vacate that judgment. The Supreme Court, Westchester County, granted the motion, on the ground that the affidavit was "wholly inadequate". We affirm.

Contrary to the plaintiff's contention, the president of a corporation has no power, merely by virtue of his or her office, to confess judgment against the corporation, especially in a case such as this, where the corporation has ceased to do business *(see, Craven v Gazza,* 36 Misc 2d 493, *affd* 19 AD2d 646; 2A Fletcher, Cyclopedia of Corporations § 619). Although the plaintiff submitted an affidavit from the defendant's president wherein he contended that he had the authority to confess judgment, the president based that assertion solely upon the fact that he was president of the corporation, and

could point to no provision of the shareholders' agreement granting him such authority. Indeed, the provisions of the shareholders' agreement quoted in the defendant's motion papers indicate that the defendant's president could not act without the assent of the other shareholder. The plaintiff, who served as the accountant for the defendant throughout all relevant periods, should have been aware of the limits of the president's authority.

Further, we agree with the Supreme Court that the affidavit was inadequate because it did not specify the dates that services were rendered and the amount of any prior payments to the plaintiff by the defendant (see, County Natl. Bank v Vogt, 28 AD2d 793, affd 21 NY2d 800; Bradley v Glass, 20 App Div 200; Baehre v Rochester Dental Prosthetics, 112 Misc 2d 270, 273). The plaintiff's contention that the defendant lacked standing to raise the issue of the sufficiency of the affidavit (see, Weinstein v Pollack, 208 AD2d 615; Malhado v Cordani, 153 AD2d 673; Burtner v Burtner, 144 AD2d 417) was not raised in the Supreme Court, and therefore was not preserved for appellate review.

Accordingly, the judgment by confession was properly vacated (see, e.g., Ripoll v Rodriguez, 53 AD2d 638; Rae v Kestenberg, 23 AD2d 565, affd 16 NY2d 1023). Thompson, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.