■ EUROFACTORS INTERNATIONAL, INC., Appellant, v JACOB JACOBOWITZ et al., Respondents. ALLAN B. MENDELSOHN, Nonparty Respondent. [800 NYS2d 569]—

In an action to secure payment of a debt through a judgment by confession, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Jacobson, J.), dated May 28, 2004, which granted the motion of the nonparty, Allan B. Mendelsohn, to vacate a judgment by confession dated April 15, 2003, and (2), as limited by its brief, from so much of an order of the same court dated December 16, 2004, as denied that branch of its motion which was for leave to renew and, in effect, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated May 28, 2004, is dismissed, without costs or disbursements, as that order was superseded by that portion of the order dated December 16, 2004, which was, in effect, made upon reargument; and it is further,

Ordered that the order dated December 16, 2004, is modified, on the law, by deleting the provision thereof, in effect, adhering to the prior determination granting the motion to vacate the judgment by confession, and substituting therefor a provision vacating the order dated May 28, 2004; as so modified, the order dated December 16, 2004, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

On April 15, 2003, the defendants executed an affidavit confessing a judgment in the sum of $3,200,000 in favor of the plaintiff. According to the affidavit, the confession of judgment was based upon the defendants' default in repayment of a $3,200,000 loan made on March 3, 2003, which was due in full by April 3, 2003. Shortly after the defendants confessed judgment in favor of the plaintiff, other creditors filed involuntary bankruptcy petitions against them, and the nonparty, Allan B. Mendelsohn (hereinafter the trustee), was appointed by the United States Bankruptcy Court as interim trustee. Following his appointment, the trustee moved to vacate the judgment by confession, contending that it was created and filed to defraud the defendants' legitimate creditors. In opposition to the motion, the plaintiff offered evidence that on March 3, 2003, it loaned $3,411,766 to a corporation allegedly operated by members of the defendants' family, thus indicating that the debt underlying the judgment by confession was in the nature of a repayment of a guarantee on a defaulted loan by another, rather than the failure to repay a loan, as alleged in the affida-

vit confessing judgment. In reply, the trustee argued that the alleged guarantee agreement was unenforceable because the statute of frauds required an agreement to answer for the debt of another to be in writing (*see* General Obligations Law § 5-701 [a] [2]), and no proof of a written guarantee agreement had been produced. The Supreme Court granted the trustee's motion to vacate the judgment by confession without conducting a hearing, concluding that it should be set aside because the statute of frauds barred enforcement of the alleged guarantee upon which it was based. The Supreme Court thereafter denied that branch of the plaintiff's motion which was for leave to renew and, in effect, granted that branch of its motion which was for leave to reargue and adhered to its prior determination granting the trustee's motion to vacate the confessed judgment.

On appeal, the plaintiff contends, inter alia, that the Supreme Court erred in granting the trustee's motion to vacate the judgment by confession upon the ground that the underlying guarantee agreement violated the statute of frauds. We agree. An oral agreement which falls within the statute of frauds is not absolutely invalid, but is only voidable (*see Matter of Lee v Maltais*, 250 AD2d 951, 953 [1998]; *Dante v 310 Assoc.*, 121 AD2d 332, 334 [1986]; *Raoul v Olde Vil. Hall*, 76 AD2d 319, 328 [1980]). Accordingly, assuming that the alleged guarantee agreement was not in writing, it was not absolutely invalid, and may still potentially constitute a debt "justly due" for which judgment may be confessed pursuant to CPLR 3218 (a) (2).

Furthermore, we reject the trustee's contention that vacatur was proper because the affidavit confessing judgment failed to comply with CPLR 3218. CPLR 3218 (a) (2) permits a judgment by confession to be entered upon an affidavit executed by the defendant which concisely states "the facts out of which the debt arose" and shows "that the sum confessed is justly due or to be . . . due." Since this requirement " 'is designed for the protection of third persons who might be prejudiced in the event that a collusively confessed judgment is entered' " (*Burtner v Burtner*, 144 AD2d 417, 418 [1988], quoting *Mall Commercial Corp. v Chrisa Rest.*, 85 Misc 2d 613, 614 [1976]), the statement must be sufficiently informative to enable third persons to investigate the claim and ascertain its validity. The affidavit confessing judgment in this matter, which set forth, inter alia, the date and amount of the loan, and the date when repayment was due, was sufficiently detailed to satisfy the statutory requirement (*see Burtner v Burtner, supra*; *McDaniel v Sangenino*, 67 AD2d 698 [1979]; *cf. Weinstein v Pollack*, 208 AD2d 615, 617 [1994]).

Although the trustee correctly pointed out that there are some inconsistencies between the factual averments contained in the affidavit confessing judgment and those contained in the affirmation of the plaintiff's principal, these inconsistencies did not establish, as a matter of law, that the confessed judgment was the product of fraud and collusion. Rather, these inconsistencies, as well as the circumstances under which the confession was given, raised issues of fact as to whether the transaction upon which it was allegedly based was bona fide, and whether it was otherwise tainted by fraud and collusion (*see Weinstein v Pollack, supra*). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing on the trustee's motion to vacate the judgment by confession and a new determination on the motion thereafter.

The plaintiff's remaining contentions are either without merit or need not be addressed in light of our determination. Prudenti, P.J., Florio, Crane and Lifson, JJ., concur.