■ REGENCY CLUB AT WALLKILL, LLC, Respondent, v MICH-ELINE BIENISH, Appellant. [942 NYS2d 894]—

In an action to enforce a judgment by confession, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Ritter, J.), dated November 20, 2009, as, without a hearing, denied that branch of her motion which was to vacate the judgment by confession.

Ordered that the order is affirmed insofar as appealed from, with costs.

Generally, a person seeking to vacate a judgment entered upon the filing of an affidavit of confession of judgment must commence a separate plenary action for that relief (*see Posner v Posner*, 277 AD2d 298 [2000]; *Rubino v Csikortos*, 258 AD2d 638 [1999]; *Centurion Taxi v Beizem*, 247 AD2d 502 [1998]; *L.R. Dean, Inc. v International Energy Resources*, 213 AD2d 455 [1995]; *cf. McDonough v Bonnie Heights Realty Corp.*, 249 AD2d 520 [1998]; *Cooper, Selvin & Strassberg v Soda Dispensing Sys.*, 212 AD2d 498 [1995]). Under the circumstances here, the defendant's contentions that the judgment by confession must be vacated on the grounds of fraud and breach of contract must be resolved in a plenary action.

Additionally, the statutory requirement that an affidavit of confession of judgment "[state] concisely the facts out of which the debt arose and [show] that the sum confessed is justly due" (CPLR 3218 [a] [2]) " 'is designed for the protection of third persons who might be prejudiced in the event that a collusively confessed judgment is entered, and not for the protection of the defendant' " (*Burtner v Burtner*, 144 AD2d 417, 418 [1988], quoting *Mall Commercial Corp. v Chrisa Rest.*, 85 Misc 2d 613, 614 [1976]). Therefore, the defendant may not challenge the judgment by confession on the ground that the specificity requirements of CPLR 3218 (a) (2) were not satisfied (*see Burtner v Burtner*, 144 AD2d at 418). In any event, the record reflects that the affidavit was sufficiently particular so as to enable any interested third parties to investigate the claim and ascertain its validity (*see Wood v Mitchell*, 117 NY 439, 441-442 [1889]; *Eurofactors Intl., Inc. v Jacobowitz*, 21 AD3d 443, 445 [2005]; *cf. County Natl. Bank v Vogt*, 28 AD2d 793 [1967], *affd* 21 NY2d 800 [1968]).

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to vacate the judgment by confession. Skelos, J.P., Dillon, Eng and Austin, JJ., concur.