**9** CASH AND CARRY FILING SERVICE, LLC, Respondent, v REHAN PERVEEZ et al., Appellants. [50 NYS3d 277]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about November 6, 2015, which, to the extent appealed from as limited by the briefs, denied defendants' motion to vacate a judgment by confession entered May 1, 2015, or to schedule a plenary hearing to determine whether the underlying agreement leading to the judgment by confession is enforceable, unanimously affirmed, with costs.

Defendants may challenge the judgment by confession only by trial in a plenary action, and not by motion (*see Scheckter v Ryan*, 161 AD2d 344, 345 [1st Dept 1990]). Moreover, defendants lack standing to challenge the affidavit of confession of judgment. An affidavit of confession of judgment pursuant to CPLR 3218 "is intended to protect creditors of a defendant," not the defendant itself (*Giryluk v Giryluk*, 30 AD2d 22, 25 [1st Dept 1968], *affd* 23 NY2d 894 [1969]; *County Natl. Bank v Vogt*, 28 AD2d 793, 794 [3d Dept 1967], *affd* 21 NY2d 800 [1968]; *Regency Club at Wallkill, LLC v Bienish*, 95 AD3d 879, 879 [2d Dept 2012]). In any event, the affidavit in this case is sufficient (*Giryluk*, 30 AD2d at 25).

Defendants' assertions of duress in executing the June 10, 2014 agreement leading to the judgment by confession are unavailing. In order to claim duress defendants had to show that plaintiff used a "wrongful threat" to force defendants to enter into the agreement, and defendants failed to make that showing (*Madey v Carman*, 51 AD3d 985, 987 [2d Dept 2008], *lv denied* 11 NY3d 708 [2008]; *see Foundry Capital Sarl v International Value Advisers, LLC*, 96 AD3d 620 [1st Dept 2012]). "Financial pressures, even in the context of unequal bargaining power, do not constitute economic duress" (*Grubel v Union Mut. Life Ins. Co.*, 54 AD2d 686, 686 [2d Dept 1976], *lv*

*denied* 41 NY2d 807 [1977]; *see also Liberty Marble v Elite Stone Setting Corp.*, 248 AD2d 302, 304 [1st Dept 1998]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Acosta, J.P., Richter, Andrias, Kahn and Gesmer, JJ.