QFC, LLC v Iron Centurian, LLC (2020 NY Slip Op 00629)





QFC, LLC v Iron Centurian, LLC


2020 NY Slip Op 00629


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-08850
 (Index No. 51302/17)

[*1]QFC, LLC, etc., appellant,
v
Iron Centurian, LLC, et al., respondents.


Stein Adler Dabah & Zelkowitz, LLP, Tarrytown, NY (Christopher R. Murray of counsel), for appellant.
Amos Weinberg, Great Neck, NY, for respondents.



DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated July 5, 2017. The order granted the defendants' motion to vacate a judgment by confession entered in the Westchester County Clerk's office on January 31, 2017.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion is denied without prejudice to the defendants commencing a plenary action to vacate the judgment by confession.
"Generally, a person seeking to vacate a judgment entered upon the filing of an affidavit of confession of judgment must commence a separate plenary action for that relief" (Regency Club at Wallkill, LLC v Bienish, 95 AD3d 879, 879; see Morocho v Monterroza, 170 AD3d 710, 711; Posner v Posner, 277 AD2d 298). Here, the grounds for vacatur relied upon by the defendants do not fall within an exception to the general rule (see Morocho v Monterroza, 170 AD3d at 711; cf. Rubashkin v Rubashkin, 98 AD3d 1018; Cole-Hatchard v Nicholson, 73 AD3d 834). Accordingly, the Supreme Court should have denied the defendants' motion without prejudice to their right to commence a plenary action to vacate the judgment by confession.
In light of our determination, we need not address the parties' remaining contentions.
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court