Merchant Funding Servs., LLC v Volunteer Pharmacy, Inc. (2020 NY Slip Op 00582)





Merchant Funding Servs., LLC v Volunteer Pharmacy, Inc.


2020 NY Slip Op 00582


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-00121 
2017-00483
 (Index No. 58741/16)

[*1]Merchant Funding Services, LLC, appellant,
v
Volunteer Pharmacy, Inc., etc., et al., respondents.


Proskauer Rose LLP, New York, NY (David A. Picon, Mark D. Harris, and John E. Roberts of counsel), for appellant.
Amos Weinberg, Great Neck, NY (White and Williams, LLP [Shane R. Heskin], of counsel), for respondents.



DECISION & ORDER
Appeals by the plaintiff from (1) an order of the Supreme Court, Westchester County (David F. Everett, J.), dated December 23, 2016, and (2) an amended order of the same court dated December 30, 2016. The order dated December 23, 2016, granted the defendants' motion to vacate a judgment by confession entered in the Westchester County Clerk's office on June 23, 2016. The amended order dated December 30, 2016, also granted the same motion and further clarified that the defendants were not required to bring a plenary action.
ORDERED that the appeal from the order dated December 23, 2016, is dismissed, as that order was superseded by the amended order dated December 30, 2016; and it is further,
ORDERED that the amended order dated December 30, 2016, is reversed, on the law, the order dated December 23, 2016, is vacated, and the defendants' motion is denied without prejudice to the defendants' right to commence a plenary action to vacate the judgment by confession; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
"Generally, a person seeking to vacate a judgment entered upon the filing of an affidavit of confession of judgment must commence a separate plenary action for that relief" (Regency Club at Wallkill, LLC v Bienish, 95 AD3d 879, 879; see Morocho v Monterroza, 170 AD3d 710; Posner v Posner, 277 AD2d 298). Here, the grounds for vacatur relied upon by the defendants do not fall within an exception to that general rule (see Morocho v Monterroza, 170 AD3d 710; cf. Rubashkin v Rubashkin, 98 AD3d 1018; Cole-Hatchard v Nicholson, 73 AD3d 834). Accordingly, the Supreme Court should have denied the defendants' motion without prejudice to their right to commence a plenary action to vacate the judgment by confession.
In light of our determination, we need not address the parties' remaining contentions.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court