Merchant Funding Servs., LLC v Micromanos Corp. (2020 NY Slip Op 00581)





Merchant Funding Servs., LLC v Micromanos Corp.


2020 NY Slip Op 00581


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-06538
 (Index No. 598/17)

[*1]Merchant Funding Services, LLC, respondent,
v
Micromanos Corporation, etc., et al., appellants.


Amos Weinberg, Great Neck, NY (White and Williams, LLP [Shane R. Heskin], of counsel), for appellants.
Renata Bukhman (Stein Adler Dabah Zelkowitz, LLP, New York, NY [Adam J. Stein and Christopher R. Murray], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendants from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated May 4, 2017. The order denied the defendants' motion to vacate a judgment by confession entered in the Nassau County Clerk's office on January 24, 2017, which is in favor of the plaintiff and against the defendants in the total sum of $159,479.32.
ORDERED that the order is affirmed, with costs.
The plaintiff filed an affidavit of nonpayment dated January 23, 2017, in support of entry of a confession of judgment. The affidavit of nonpayment states, in relevant part, that on November 28, 2016, the defendant Micromanos Corporation (hereinafter Micromanos) entered into a "secured merchant agreement" (hereinafter the agreement) pursuant to which the plaintiff agreed to buy all rights of Micromanos's future accounts receivable, which had a face value of $224,250. The purchase price for the receivables was $150,000. Pursuant to the agreement, Micromanos authorized the plaintiff to debit from its bank account a "specified percentage," which the agreement stated was 15% of Micromanos's accounts receivable, until the purchased amount of $224,250 was paid in full. In accordance with an addendum to the agreement, each business day, the plaintiff debited $2,995, which the parties agreed was "a good-faith approximation of the specified percentage," based on Micromanos's receipts due to the plaintiff pursuant to the agreement. The defendant Atsumassa Tochisako personally guaranteed Micromanos's performance of its obligations under the agreement. The plaintiff alleged in the affidavit of nonpayment that Micromanos made payments totaling $97,025 and then defaulted by ceasing to make payments, leaving a balance due of $127,225, even though Micromanos was still conducting regular business operations and still in receipt of accounts receivable. The judgment by confession adjudged that the plaintiff was entitled to recover from the defendants, jointly and severally, the sum of $127,225, plus interest at 16%, costs and disbursements, and attorneys' fees in the sum of $31,806.25, for a total sum of $159,479.32.
The defendants moved to vacate the judgment by confession on the ground that the agreement constitutes a usurious loan. The plaintiff opposed the motion. The Supreme Court denied [*2]the motion, concluding that the agreement is not on its face and as a matter of law a criminally usurious loan and that, consequently, the defendants failed to establish an exception to the general rule that relief from a judgment by confession must be sought by way of a plenary action. The defendants appeal.
"Generally, a person seeking to vacate a judgment entered upon the filing of an affidavit of confession of judgment must commence a separate plenary action for that relief" (Regency Club at Wallkill, LLC v Bienish, 95 AD3d 879, 879; see Morocho v Monterroza, 170 AD3d 710, 711; A.B.J.M. Corp. v Prudenti, 270 AD2d 219, 220; City of Poughkeepsie v Albaino, 122 AD2d 14, 14). Here, the grounds for vacatur relied upon by the defendants do not fall within an exception to the general rule (see Morocho v Monterroza, 170 AD3d at 711). Accordingly, we agree with the Supreme Court's determination denying the defendants' motion.
In light of our determination, we need not address the parties' remaining contentions.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court