Ace Funding Source, LLC v Myka Cellars, Inc. (2021 NY Slip Op 00538)





Ace Funding Source, LLC v Myka Cellars, Inc.


2021 NY Slip Op 00538


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-03103
 (Index No. 2965/18)

[*1]Ace Funding Source, LLC, appellant,
v
Myka Cellars, Inc., etc., et al., respondents.


Hodgson Russ LLP, Buffalo, NY (Steven W. Wells and James J. Zawodzinski, Jr., of counsel), for appellant.



DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated February 21, 2019. The order granted the defendants' motion to vacate two judgments by confession entered in the Kings County Clerk's Office on December 4, 2018.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion to vacate the two judgments by confession entered December 4, 2018, is denied, and the judgments are reinstated.
On June 28, 2018, the plaintiff, Ace Funding Source, LLC, entered into two merchant agreements with the defendant limited liability companies and corporations (hereinafter collectively the merchant defendants), which operated affiliated wineries and wine-related businesses located in California. Pursuant to the merchant agreements, the plaintiff purchased a combined 24% of the merchant defendants' total future accounts receivable. As part of the merchant agreements, the individual defendant, Paul Haley, who was the owner and principal of the merchant defendants, executed on behalf of himself and the merchant defendants two affidavits of confession of judgment authorizing entry of judgment in favor of the plaintiff and against the defendants for the full purchase amount, less any payments made in accordance with the merchant agreements, plus interest and attorneys' fees.
In July 2018, the defendants allegedly defaulted on their obligations under one of the merchant agreements. Thereafter, the plaintiff applied in the Supreme Court, Kings County, for a judgment by confession against the defendants. On July 11, 2018, the Kings County Clerk entered a judgment in favor of the plaintiff and against the defendants in the total sum of $508,323.12. The defendants moved to vacate that judgment by confession. On October 17, 2018, the plaintiff entered into a stipulation and settlement agreement (hereinafter the settlement agreement) with the defendants, which addressed amounts due under both of the merchant agreements. Pursuant to the provisions of the settlement agreement, the defendants agreed to pay a lump sum of $50,000, followed by daily payments in the aggregate amount of $2,643.25, for four weeks, commencing on October 22, 2018, and thereafter, to resume payments pursuant to the merchant agreements until their obligations were fully satisfied. As part of the settlement agreement, the defendants executed two affidavits of confession of judgment (hereinafter together the settlement confessions of judgment), pursuant to which they confessed judgment for the full amount of the obligations agreed to in the settlement agreement, less any payments made in accordance with the settlement agreement, plus interest and attorneys' fees.
Subsequently, the defendants failed to make scheduled payments in accordance with [*2]the settlement agreement. On December 4, 2018, the plaintiff filed the settlement confessions of judgment and the Kings County Clerk entered two judgments against the defendants. On December 10, 2018, the defendants moved to vacate those two judgments by confession. By order dated February 21, 2019, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"Generally, a person seeking to vacate a judgment entered upon the filing of an affidavit of confession of judgment must commence a separate plenary action for that relief" (Morocho v Monterroza, 170 AD3d 710, 711 [internal quotation marks omitted]). Here, as acknowledged by the Supreme Court in its order, the grounds for vacatur relied upon by the defendants do not fall within an exception to the general rule. Accordingly, the court should have denied the defendants' motion for failure to commence a plenary action (see QFC, LLC v Iron Centurian, LLC, 179 AD3d 1110, 1110). However, the court did address the merits of the defendants' motion, and in the interest of judicial economy, we also consider the merits.
"Construction of an unambiguous contract is a matter of law, and the intention of the parties may be gathered from the four corners of the instrument and should be enforced according to its terms" (Scialo v Sheridan Elec., Ltd., 153 AD3d 1294, 1294 [internal quotation marks omitted]). Here, contrary to the Supreme Court's determination, there is no language in the merchant agreements limiting the plaintiff's authority to file the settlement confessions of judgment. Moreover, the settlement agreement and settlement confessions of judgment clearly and unambiguously permitted the plaintiff to file the settlement confessions of judgment in the event the defendants breached the terms of the settlement agreement. Accordingly, for this additional reason, the court erred in granting the defendants' motion to vacate the confessions of judgment (see Cervera v Bressler, 106 AD3d 683).
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court