Balahtsis v Shakola (2021 NY Slip Op 04654)





Balahtsis v Shakola


2021 NY Slip Op 04654


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING, JJ.


2020-02289
 (Index No. 152015/18)

[*1]Deana Balahtsis, respondent, 
v
Evroulla Shakola, appellant.


Evroulla Shakola, Staten Island, NY, appellant pro se.
Deana Balahtsis, New York, NY, respondent pro se.



DECISION & ORDER
In an action in which a money judgment was entered upon a judgment by confession in favor of the plaintiff and against the defendant, the defendant appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated November 15, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was to vacate the judgment by confession.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2019, the defendant moved, inter alia, to vacate a judgment by confession which was filed and docketed by the plaintiff in August 2018 (hereinafter the confession of judgment). The confession of judgment was supported by an affidavit for judgment by confession dated April 24, 2018, executed by the defendant in favor of the plaintiff. According to the plaintiff, who was the defendant's former attorney, the defendant signed the confession of judgment in favor of the plaintiff in the sum of $39,050 in connection with outstanding legal fees owed by the defendant arising out of the plaintiff's representation of the defendant in a child custody proceeding. As is relevant to this appeal, in an order dated November 15, 2019, the Supreme Court, among other things, denied that branch of the defendant's motion which was to vacate the confession of judgment.
The defendant's contention that the Supreme Court should have vacated the confession of judgment as facially deficient on the ground that the specificity requirements of CPLR 3218(a)(2) were not satisfied is unavailing. The statutory requirement that an affidavit of confession of judgment "stat[e] concisely the facts out of which the debt arose and show[ ] that the sum confessed is justly due or to become due" (id.), is designed to protect innocent third parties who might be prejudiced in the event that a collusively confessed judgment is entered, not the party who signed the confession of judgment (see Regency Club at Wallkill, LLC v Bienish, 95 AD3d 879, 879; Burtner v Burtner, 144 AD2d 417, 418). Thus, the defendant was foreclosed from challenging the confession of judgment on these grounds (see Regency Club at Wallkill, LLC v Bienish, 95 AD3d at 879; Burtner v Burtner, 144 AD2d at 418).
The remaining grounds for vacatur relied upon by the defendant either are not properly before this Court or do not fall within an exception to the general rule requiring [*2]commencement of a plenary action (see Funding Metrics, LLC v A & A Fabrication & Polishing Corp., 187 AD3d 857, 858-859; QFC, LLC v Iron Centurian, LLC, 179 AD3d 1110, 1110).
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and DOWLING, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court