Funding Metrics, LLC v D & V Hospitality, Inc. (2021 NY Slip Op 04964)





Funding Metrics, LLC v D & V Hospitality, Inc.


2021 NY Slip Op 04964


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-01981
 (Index No. 66431/16)

[*1]Funding Metrics, LLC, etc., appellant, 
v
D & Hospitality, Inc., defendant, Carl Vitellino, respondent.


Stein Adler Dabah & Zelkowitz LLP, New York, NY (Christopher R. Murray of counsel), for appellant.
White & Williams, LLP, New York, NY (Shane R. Heskin of counsel), for respondent.



DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated January 7, 2019. The order granted the motion of the defendant Carl Vitellino to vacate a judgment by confession entered in the Westchester County Clerk's Office on November 1, 2016.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Carl Vitellino is denied without prejudice to that defendant's right to commence a plenary action to vacate the judgment by confession.
Carl Vitellino (hereinafter the defendant) was the owner of the defendant D & V Hospitality, Inc. (hereinafter D & V). D & V entered into a merchant agreement dated September 23, 2016 (hereinafter the merchant agreement), with the plaintiff. Under the terms of the merchant agreement, the plaintiff purchased the rights to D & V's future receivables, having a face value of $29,200 (hereinafter the purchase amount) for the purchase price of $20,000 (hereinafter the purchase price). In exchange for the purchase price, D & V authorized the plaintiff to debit $265.45 daily from D & V's bank account, which was alleged to represent an estimate of 24.62% of D & V's daily revenue, until the purchase amount was paid in full. Section 11 of the merchant agreement provided that D & V would execute and deliver to the plaintiff, an affidavit of confession of judgment, which the plaintiff would hold in escrow pending a default by D & V under the merchant agreement. D & V and the defendant also entered into a security agreement and guaranty whereby the defendant personally guaranteed D & V's performance under the merchant agreement, and both the defendant and D & V agreed to the entry of confession by judgment against them after any or all of the obligations evidenced by that instrument became due.
In an affidavit of confession of judgment sworn to September 23, 2016, the defendant, individually and on behalf of D & V, confessed judgment and authorized entry of judgment in the plaintiff's favor and against him and D & V in the sum of $29,200, less any payments timely made pursuant to the merchant agreement, plus legal fees to the plaintiff calculated at 25% of the total of the aforesaid sums, costs, expenses, disbursements, and interest at the rate of 16% per annum from September 23, 2016, or the highest rate allowed by law, whichever is greater. The affidavit further [*2]provided that this sum would be set forth in an affidavit to be executed by the plaintiff or an affirmation by its attorney. The plaintiff filed in the Supreme Court an affidavit of nonpayment dated October 18, 2016, in support of entry of a judgment by confession against the defendant and D & V. The affidavit stated, in relevant part, that D & V stopped making payments to the plaintiff on or about October 6, 2016, although D & V was still conducting regular business operations and was still in receipt of accounts receivable, and that this was a default under the merchant agreement. On November 1, 2016, the court entered judgment in the total amount of $34,713.93 against D & V and the defendant, and in favor of the plaintiff.
By notice of motion dated August 9, 2018, the defendant moved to vacate the judgment by confession and void the merchant agreement upon the grounds that the merchant agreement constituted a usurious loan and, in effect, that D & V had not been in default. The plaintiff opposed the motion. By order dated January 7, 2019, the Supreme Court granted the defendant's motion and vacated the judgment by confession. The plaintiff appeals.
"Generally, a person seeking to vacate a judgment entered upon the filing of an affidavit of confession of judgment must commence a separate plenary action for that relief" (Regency Club at Wallkill, LLC v Bienish, 95 AD3d 879, 879; see Merchant Funding Servs., LLC v Volunteer Pharm., Inc., 179 AD3d 1051, 1051; Morocho v Monterroza, 170 AD3d 710, 711; Posner v Posner, 277 AD2d 298, 298). Here, the grounds for vacatur relied upon by the defendant do not fall within an exception to that general rule (see Merchant Funding Servs., LLC v Volunteer Pharm., Inc., 179 AD3d at 1051; Merchant Funding Services, LLC v Micromanos Corp., 179 AD3d 1049, 1050; QFC, LLC v Iron Centurian, LLC, 179 AD3d 1110, 1110; Morocho v Monterroza, 170 AD3d at 711). Accordingly, the Supreme Court should have denied the defendant's motion without prejudice to his right to commence a plenary action to vacate the judgment by confession.
In light of our determination, we need not address the parties' remaining contentions.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court