Ace Funding Source, LLC v St. Michael's Urgent Care of Hattiesburg, LLC (2022 NY Slip Op 02773)

Ace Funding Source, LLC v St. Michael's Urgent Care of Hattiesburg, LLC

2022 NY Slip Op 02773

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.

2018-01908
 (Index No. 151798/16)

[*1]Ace Funding Source, LLC, respondent,
v
St. Michael's Urgent Care of Hattiesburg, LLC, et al., defendants, Ikechukwu Okorie, appellant. 

Eric Nelson, Staten Island, NY, for appellant.
Hodgson Russ LLP, Buffalo, NY (Steven W. Wells and James Zawodzinski, Jr., of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant Ikechukwu Okorie from an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated January 22, 2018. The order, insofar as appealed from, in effect, denied that branch of the defendants' application which was to vacate a judgment by confession entered in the Richmond County Clerk's Office on December 27, 2016, without prejudice to the commencement of a plenary action to vacate the judgment by confession.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On November 30, 2016, the plaintiff, Ace Funding Source, LLC, entered into a merchant agreement with the defendants St. Michael's Urgent Care of Hattiesburg, LLC, and Inland Family Practice Center, LLC (hereinafter together the merchant defendants), which operated a medical practice in Mississippi. Pursuant to the merchant agreement, the plaintiff purchased the rights to the merchant defendants' future receivables, having a face value of $111,438.00 (hereinafter the purchase amount) for the purchase price of $82,000 (hereinafter the purchase price). In exchange for the purchase price, the merchant defendants authorized daily weekday payments of 12% of their receipts to the plaintiff, until the purchase amount was paid in full. The merchant agreement provided that if a defined default occurred, the full uncollected purchase amount would be immediately due and payable to the plaintiff, along with costs and attorney's fees. As part of the merchant agreement, the defendant Ikechukwu Okorie, who was the owner and principal of the merchant defendants, executed on behalf of himself and the merchant defendants an affidavit of confession of judgment authorizing entry of judgment in favor of the plaintiff and against the defendants for the full purchase amount, less any payments made in accordance with the merchant agreement, plus interest and attorneys' fees.
In December 2016, the defendants allegedly defaulted on their obligations under the [*2]merchant agreement. Thereafter, the plaintiff applied in the Supreme Court, Richmond County, for a judgment by confession against the defendants. On December 27, 2016, the Richmond County Clerk's Office entered a judgment in favor of the plaintiff and against the defendants in the total sum of $83,826.85. By order dated January 22, 2018, the Supreme Court, in effect, denied the defendants' application, inter alia, to vacate the judgment by confession, without prejudice to the commencement of a plenary action to vacate the judgment by confession. Okorie appeals from so much of the order as denied that branch of the defendants' application.
"Generally, a person seeking to vacate a judgment entered upon the filing of an affidavit of confession of judgment must commence a separate plenary action for that relief" (Regency Club at Wallkill, LLC v Bienish, 95 AD3d 879, 879; see Morocho v Monterroza, 170 AD3d 710, 711). Here, the grounds for vacatur relied upon by the defendants do not fall within an exception to the general rule (see Funding Metrics, LLC v D & V Hospitality, Inc., 197 AD3d 1150, 1151; Ace Funding Source, LLC v Myka Cellars, Inc., 191 AD3d 624, 626; QFC, LLC v Iron Centurian, LLC, 179 AD3d 1110, 1110). Accordingly, the Supreme Court properly, in effect, denied, that branch of the defendants' application which was to vacate the judgment by confession, without prejudice to the commencement of a plenary action to vacate the judgment by confession.
In light of our determination, we need not address the parties' remaining contentions.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court