Last Chance Funding, Inc. v Tom Agler Livestock, LLC (2025 NY Slip Op 01794)

Last Chance Funding, Inc. v Tom Agler Livestock, LLC

2025 NY Slip Op 01794

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2020-09161
 (Index No. 605975/19)

[*1]Last Chance Funding, Inc., appellant, 
v
Tom Agler Livestock, LLC, etc., et al., respondents.

Murray Legal, PLLC, Mineola, NY (Christopher R. Murray of counsel), for appellant.
Colonna Cohen Law, PLLC, Brooklyn, NY (Ashlee Colonna Cohen of counsel), for respondents.

DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered October 6, 2020. The order granted the defendants' motion to vacate a judgment by confession entered in the Nassau County Clerk's Office on May 2, 2019.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion to vacate a judgment by confession entered in the Nassau County Clerk's Office on May 2, 2019, is denied without prejudice to their right to commence a plenary action to vacate the judgment by confession.
On January 10, 2019, the defendant Tom Agler Livestock, LLC (hereinafter Agler LLC), entered into a merchant agreement with the plaintiff for the purchase and sale of Agler LLC's future receivables (hereinafter the PSFR agreement). The PSFR agreement provided, inter alia, that the plaintiff agreed to pay the amount of $1,369,022 in exchange for $2,039,842.78 of Agler LLC's future receivables, an origination fee of $125,000, and an Automated Clearing House fee of $395. Payment was to be made by the plaintiff debiting 15% of Agler LLC's daily sales proceeds from Agler LLC's bank account (hereinafter the designated bank account). In the event of a default, Agler LLC would be liable for reasonable attorneys' fees. The PSFR agreement stated that it was the "entire agreement" between the plaintiff and Agler LLC, but it could be modified by a signed writing. The PSFR agreement was guaranteed by the defendants Agler Livestock Trucking, LLC, and Tom Agler, Sr.-Livestock, LLC (hereinafter collectively with Agler LLC, the LLC defendants), and by the defendants Tom Agler, Sr., and Sharon Agler (hereinafter together the individual defendants), individually and on behalf of the defendants Agler Livestock Trucking, LLC, and Tom Agler, Sr.-Livestock, LLC.
Also on January 10, 2019, the individual defendants each signed an affidavit of confession of judgment, individually and on behalf of the LLC defendants, stating that if any of the defendants breached the PSFR agreement, the defendants would be liable in the sum of $2,039,842.78, less any payments that had been made pursuant to the PSFR agreement, plus a default fee in the amount of $2,500, interest at a rate of 9% per annum, and an attorney's fee of 33.33% of the amount confessed.
On January 15, 2019, the individual defendants executed a disbursement addendum, which was to "serve as a schedule of how the purchase amount described in contract will be deployed." The disbursement addendum stated that the plaintiff would disburse the purchase amount in 12 weekly installments.
The plaintiff contended that starting on January 28, 2019, the defendants prevented the plaintiff from collecting 15% of Agler LLC's daily sales proceeds by closing the designated bank account while Agler LLC continued to operate. The plaintiff sought entry of a judgment by confession in the amount of $899,506.67, plus interest, attorneys' fees, the default fee, and costs and disbursements. Judgment by confession was entered in the total sum of $1,222,886.08 on May 2, 2019.
The defendants moved by order to show cause to vacate the judgment by confession, asserting, inter alia, that the terms of the PSFR agreement were modified "from a lump sum cash infusion to weekly disbursements." The plaintiff, in opposition, asserted, among other things, that the judgment by confession could not be set aside by motion—a plenary action was required. Further, the plaintiff argued that the defendants lacked standing to challenge the sufficiency of the affidavits of confession of judgment signed by the individual defendants. The Supreme Court granted the motion. The plaintiff appeals.
"Generally, a person seeking to vacate a judgment entered upon the filing of an affidavit of confession of judgment must commence a separate plenary action for that relief" (Regency Club at Wallkill, LLC v Bienish, 95 AD3d 879, 879). Although a challenge to the facial sufficiency of documents submitted pursuant to CPLR 3218 may be brought by motion (see Cole-Hatchard v Nicholson, 73 AD3d 834), the statutory requirement that an affidavit of confession of judgment "[state] concisely the facts out of which the debt arose and [show] that the sum confessed is justly due" (CPLR 3218[a][2]) "'is designed for the protection of third persons who might be prejudiced in the event that a collusively confessed judgment is entered, and not for the protection of the defendant'" (Burtner v Burtner, 144 AD2d 417, 418, quoting Mall Commercial Corp. v Chrisa Rest., 85 Misc 2d 613, 614 [App Term, 1st Dept]). Rather, "[a]n affidavit of confession of judgment pursuant to CPLR 3218 'is intended to protect creditors of a defendant,' not the defendant itself" (Cash & Carry Filing Serv., LLC v Perveez, 149 AD3d 578, 578, quoting Giryluk v Giryluk, 30 AD2d 22, 25, affd 23 NY2d 894). Therefore, the defendants may not challenge the judgment by confession on the ground that the specificity requirements of CPLR 3218(a)(2) were not satisfied (see Balahtsis v Shakola, 197 AD3d 547; Burtner v Burtner, 144 AD2d at 418). This dispute, which presents issues of fact, is suited for resolution in a plenary action and not by motion (see Midtown Acquisitions L.P. v Essar Global Fund Ltd., 162 AD3d 583; Scheckter v Ryan, 161 AD2d 344; Affenita v Long Indus., 133 AD2d 727, 728; TVT Capital, LLC v Legend Ventures, 66 Misc 3d 395, 398-399 [Sup Ct, Ontario County], affd 177 AD3d 1343).
The defendants' remaining contentions either are without merit or need not be addressed in light of our determination.
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court