■ SEAVIEW MEZZANINE FUND, LP, Respondent, v JEFFREY S. RAMSON et al., Defendants, and LIPNER, SOFFERMAN & COMPANY, LLP, et al., Appellants. [909 NYS2d 72]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 23, 2009, which, in an action alleging, inter alia, negligence and fraud, denied the motion of defendants accountants Lipner, Sofferman & Company, LLP and Randy Sofferman (Lipner defendants) to dismiss the amended complaint as against them, unanimously affirmed, with costs.

Plaintiff alleges that in deciding to make a loan of working capital to defendant Great Eastern Holdings, Inc. (Holdings), which was subsequently defaulted upon, it relied on misrepresentations and omissions made by the Lipner defendants concerning the financial conditions of Holdings and its wholly owned subsidiary, Great Eastern Securities, Inc. (Securities). The amended complaint alleges that prior to and during its due diligence of Holdings and Securities' finances, plaintiff reviewed documents and information received from Holdings' accountants, the Lipner defendants. The amended complaint further alleges that the Lipner defendants were integrally involved in the due diligence process, boasted of their knowledge of the finances of Holdings and Securities, endeavored to ensure that the deal would close and knew that plaintiff intended to rely upon the information provided in determining whether to make the loan to Holdings.

Accepting the foregoing allegations as true and according plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we agree with the motion court that plaintiff has alleged the existence of a relationship sufficiently approaching privity so as to allow plaintiff to assert claims against the Lipner defendants in the absence of a direct contractual relationship (*see Security Pac. Bus. Credit v Peat Marwick Main & Co.*, 79 NY2d 695, 702-703 [1992]; *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536 [1985];

*John Blair Communications v Reliance Capital Group*, 157 AD2d 490 [1990]). Plaintiff also properly pleaded scienter, a necessary element to the causes of action for fraud. In this regard, plaintiff alleged that the Lipner defendants, inter alia, knowingly made false representations regarding the finances of Holdings and Securities, including exaggerating their net worth and financial condition by underreporting a certain loan, failing to disclose the existence of another loan and misrepresenting the status of an arbitration proceeding. Accordingly, "the complaint contains some rational basis for inferring that the alleged misrepresentation[s] [were] knowingly made" (*Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 98 [2003]).

We have considered the Lipner defendants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Nardelli, Moskowitz, DeGrasse and Román, JJ.