■ ACA FINANCIAL GUARANTY CORP., Respondent, v GOLDMAN, SACHS & Co., Appellant. [15 NYS3d 764]—

Upon remittitur from the Court of Appeals for consideration of issues raised but not determined on appeal to this Court (25 NY3d 1043 [2015]), order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered April 24, 2012, which, to the extent appealed from, denied defendant's motion to dismiss the

causes of action for fraudulent inducement and fraudulent concealment, unanimously affirmed, without costs.

Plaintiff, ACA Financial Guaranty Corp., alleges that defendant, Goldman, Sachs & Co., fraudulently induced plaintiff to issue a financial guaranty for a synthetic collateralized debt obligation while concealing the fact that its hedge fund client Paulson & Co., which selected most of the portfolio investment securities, planned to take a "short" position. Plaintiff alleges that had it known this information, it would not have agreed to the guaranty as it exposed plaintiff to substantial liability.

On a prior appeal, we reversed, granted defendant's motion to dismiss the causes of action for fraudulent inducement and fraudulent concealment finding that plaintiff's amended complaint failed to establish justifiable reliance as a matter of law (106 AD3d 494 [2013]). The Court of Appeals reversed our order, finding that plaintiff has sufficiently pleaded justifiable reliance for the causes of action for fraud in the inducement and fraudulent concealment, and remitted the case to this Court "for consideration of issues raised but not determined" (25 NY3d 1043, 1044 [2015]).

We find that plaintiff adequately pleaded all of the requisite elements comprising a fraud claim. "To make a prima facie claim of fraud, the complaint must allege misrepresentation or concealment of a material fact, falsity, scienter on the part of the wrongdoer, justifiable reliance and resulting injury" (*Dembeck v 220 Cent. Park S., LLC*, 33 AD3d 491, 492 [1st Dept 2006]). Defendant argued, inter alia, that the motion court erred in finding that the amended complaint adequately pled a material misrepresentation and scienter. However, the motion court properly determined that plaintiff pleaded a material misrepresentation. Plaintiff provided allegations that defendant misrepresented Paulson's economic interest in ABACUS. Further, the complaint alleges that two other entities refused to assist Paulson upon learning of its true role in the transaction, and Paulson's position was described as a "stark departure" from the basic assumption in the industry that sponsors of a deal want it to succeed. These allegations all supported plaintiff's claim that the alleged misrepresentation/concealment of Paulson's conflict of interest was material and it would not have provided the financial guaranty had it known the truth.

The motion court correctly found scienter sufficiently alleged. Ordinarily, intent to commit fraud is a question of fact which cannot be resolved on a motion to dismiss (*Shisgal v Brown*, 21 AD3d 845, 847 [1st Dept 2005]), and proof of intent is to be

determined from surrounding circumstances (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553 [2009]; *Oster v Kirschner*, 77 AD3d 51, 56 [1st Dept 2010]). Here, plaintiff's complaint alleged that Goldman had a long-term and economically rational interest in pleasing a client with whom it had already done billions of dollars in transactions and in positioning itself as a leader in the burgeoning market for the type of investment product involved in this matter. As such, the complaint contains a rational basis for inferring that the alleged misrepresentations were made intentionally (*see Seaview Mezzanine Fund, LP v Ramson*, 77 AD3d 567, 568 [1st Dept 2010] [rational inference standard]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Manzanet-Daniels and Clark, JJ.