GSCP VI EdgeMarc Holdings, L.L.C. v ETC Northeast Pipeline, LLC (2021 NY Slip Op 01356)





GSCP VI EdgeMarc Holdings, L.L.C. v ETC Northeast Pipeline, LLC


2021 NY Slip Op 01356


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Gische, J.P., Singh, Moulton, González, JJ. 


Index No. 652906/19 Appeal No. 13285 Case No. 2020-03461 

[*1]GSCP VI EdgeMarc Holdings, L.L.C., et al., Plaintiffs-Appellants-Respondents,
v
ETC Northeast Pipeline, LLC, Defendant-Respondent-Appellant.


Wachtell, Lipton, Rosen & Katz, New York (Emil A. Kleinhaus of counsel), for appellants-respondents.
Wiggin & Dana LLP, New York (Michael L. Kenny Jr. of counsel), and Lynn Pinker Hurst & Schwegmann, Dallas, TX (David S. Coale of the bar of the State of Texas, admitted pro hac vice, of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered July 15, 2020, which granted defendant's motion to dismiss the complaint to the extent of dismissing the fraud, unjust enrichment, and negligent misrepresentation claims, and denied dismissal of the breach of contract claim, unanimously modified, on the law, to reinstate the fraud claim regarding plaintiffs' $50 million investment in 2017, and otherwise affirmed, without costs.
Supreme Court properly denied defendant's motion to dismiss the breach of contract claim. The complaint alleges that defendant breached its obligation under Section 2(b) of the Commitment Letters, the governing contracts, on January 18, 2018, March 2, 2018, and April 16, 2018, "by providing false, incomplete and misleading Project Status Notices certifying that there was no Project Delay" in completing construction of a pipeline by July 1, 2018, and by failing to promptly notify plaintiffs of any event reasonably likely to cause a delay. The complaint alleges that as a result of those breaches, leading up to a September 2018 pipeline explosion, plaintiffs lost their $100 million in equity investments made in 2018, and they seek damages. The limitation of remedies stated in Section 3 of the Commitment Letters governs when plaintiffs can delay making a payment, and does not unambiguously foreclose plaintiffs' breach of contract claim, based on payments plaintiffs made in reliance on false Project Status Notices, and the motion court properly denied dismissal at this stage (Almah LLC v AIG Empl. Servs., Inc., 157 AD3d 416 [1st Dept 2018]). In any case, as the motion court observed, such a provision does not apply to allegations of gross negligence, as alleged here (Abacus Fed. Sav. Bank v ADT Sec. Servs., Inc., 18 NY3d 675, 683 [2012]).
The court also properly denied dismissal pursuant to CPLR 3211(a)(3) and correctly found that plaintiffs, parties to the Commitment Letters at issue, have standing to sue for a breach of their terms, and that they incurred direct economic harm (see generally Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772 [1991]). Defendant fails to articulate any ground to apply any prudential limitations on standing here (see id.).
To the extent the fraud claim alleges that plaintiffs invested a total of $100 million in 2018 based on defendant's false and misleading statements made on January 18, 2018, March 2, 2018, and April 16, 2018, representing there was no Project Delay, the claim is duplicative of the breach of contract claim (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; Goldstein v CIBC World Mkts. Corp., 6 AD3d 295, 296 [1st Dept 2004]). To the extent the fraud claim further alleges that defendant induced plaintiffs to invest a separate $50 million in 2017, which is not alleged in the breach of contract claim and is not covered by the Commitment Letters, this part of the claim is not duplicative of the contract claim. Moreover, it should [*2]not have been dismissed for failure to plead the circumstances of the wrong with particularity under CPLR 3016(b). The complaint alleges that at meetings in Pennsylvania on August 23 and 24, 2017, defendant's Director — Business Development made false, misleading, and incomplete statements to plaintiffs' representatives that the pipeline was on track to be fully complete by January 2018 and ready for commercial service by July 1, 2018, when defendant knew it was not on track. It also includes factual allegations that allow the inference that defendant knew those representations were false, including that defendant knew since 2015 that the area near the site of the September 2018 explosion included a landslide area with "dangerous and unstable hillslope terrain," and that the Pennsylvania DEP's January 2020 consent order noted that as early as January 2016, defendant knew the area had a "high susceptibility to slope failure" but did not disclose that issue to its engineers or correct it. These allegations amount to "specific facts from which it is possible to infer defendant's knowledge of the falsity of its statements," including that the dangers and extensive violations of regulations and laws would result in delay beyond July 1, 2018 (Houbigant, Inc. v Deloitte & Touche, 303 AD2d 92, 99 [1st Dept 2003]; AIG Fin. Prods. Corp. v ICP Asset Mgt., LLC, 108 AD3d 444, 446 [1st Dept 2013]), and the allegations satisfy CPLR 3016(b)'s purpose, "to inform a defendant with respect to the incidents complained of" (Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]). Plaintiffs are not required to plead damages for fraud with particularity (Solomon Capital, LLC v Lion Biotechnologies, Inc., 171 AD3d 467, 469 [1st Dept 2019]).
The court properly dismissed the unjust enrichment and negligent misrepresentation claims as duplicative of the breach of contract claim (Board of Mgrs. of Soho N. 267 W. 124th St. Condominium v NW 124 LLC, 116 AD3d 506, 507 [1st Dept 2014]; IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]). Moreover, there is no special relationship that required defendant to impart any information (J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]). Any "alleged reliance on defendant's superior knowledge and expertise . . . ignores the reality that the parties engaged in arm's-length transactions pursuant to contracts between sophisticated business entities that do not give rise to fiduciary duties" (Sebastian Holdings, Inc. v Deutsche Bank AG, 78 AD3d 446, 447 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021