Continuum Energy Tech., LLC v Iron Oak, Inc. (USA) (2024 NY Slip Op 00022)

Continuum Energy Tech., LLC v Iron Oak, Inc. (USA)

2024 NY Slip Op 00022

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 657219/21, 595270/22 Appeal No. 1347 Case No. 2022-05628 

[*1]Continuum Energy Technologies, LLC, et al., Plaintiffs-Respondents,
v
Iron Oak, Inc. (USA), Defendant-Appellant, Iron Oak, Inc. (France), et al., Defendants. [And A Third-Party Action] 

White and Williams LLP, New York (Stuart J. Wells of counsel), for appellant.
Robins Kaplan LLP, New York (Gabriel Berg of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about June 8, 2022, which granted plaintiffs' motion for partial summary judgment and vacated two confessed judgments, unanimously reversed, on the law, without costs, the motion denied, and the judgments reinstated.
Plaintiffs moved for partial summary judgment on their declaratory judgment causes of action to void two confessed judgments rendered in favor of defendant Iron Oak, Inc. (USA) as facially defective pursuant to CPLR 3218. The court granted the motion, declaring the confessed judgments void and vacated.
CPLR 3218(a)(2) requires only an affidavit from the debtor, here, plaintiff Continuum Energy Technologies, LLC (CET). The statute does not require Iron Oak, the party seeking judgment by confession, to submit an attorney's affirmation (see Barrier Group Inc. v BMF Advance LLC, 2023 NY Misc LEXIS 1032, *10-11 [Sup Ct, Orange County, March 15, 2023, Index No. EF4004150-2022] [an affidavit by a creditor "cannot be the basis of vacatur of the Confession of Judgment;" "Nothing within the requirements of (CPLR 3218) dictates that a plaintiff creditor must explain how a defendant debtor breached (its) agreement or defaulted"]).
Further, plaintiffs lack standing to challenge the sufficiency of their own affidavits. As the debtor, CET may not challenge the sufficiency of the affidavits that its managing member, plaintiff John Preston, executed on its behalf (see e.g. Cash & Carry Filing Serv., LLC v Perveez, 149 AD3d 578, 578 [1st Dept 2017]; Giryluk v Giryluk, 30 AD2d 22, 25 [1st Dept 1968], affd 23 NY2d 894 [1969]).
Preston argues that he has standing because he (1) is a creditor of CET and (2) purchased the receivership's assets. Even if there is admissible evidence of these facts, he still lacks standing. With respect to the first argument, he is not a third-party creditor (see County Natl. Bank v Vogt, 28 AD2d 793, 794 [3d Dept 1967], affd 21 NY2d 800 [1968]). As for the second argument, a receiver "stands only in the shoes of the judgment debtor and may only vindicate rights held by the judgment debtor in the first instance" (Plymouth Venture Partners, II, L.P. v GTR Source, LLC, 37 NY3d 591, 598 n 4 [2021]). Inasmuch as CET cannot challenge the sufficiency of its own affidavits, the receiver could not do so on its behalf; hence, Preston could not have purchased the receiver's nonexistent right.
We decline to address plaintiffs' argument, raised for the first time on appeal, that the judgments should be vacated in the interest of justice to prevent a fraud on the court (see generally Matter of NYC C.L.A.S.H., Inc. v New York State Off. of Parks, Recreation & Historic Preserv., 27 NY3d 174, 181 [2016]). Plaintiffs made it clear before the motion court that they were moving based only on CPLR 3218. Moreover, fraud involves questions of fact (see e.g. ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 131 AD3d 427, 428 [1st Dept 2015]), and fact-based arguments may not [*2]be made for the first time on appeal (see e.g. Raynor v 666 Fifth Ave. Ltd. Partnership, 232 AD2d 226, 226 [1st Dept 1996]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024