Chan v Havemeyer Holdings LLC (2024 NY Slip Op 00020)

Chan v Havemeyer Holdings LLC

2024 NY Slip Op 00020

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Index No. 652359/22 Appeal No. 1233 Case No. 2023-02683 

[*1]Kai Cho Vincent Chan et al., Plaintiffs-Appellants-Respondents,
v
Havemeyer Holdings LLC et al., Defendants-Respondents, TC Havemeyer Manager LLC, Defendant-Respondent-Appellant.

Law Office of Ethan A. Brecher, LLC, New York (Ethan A. Brecher of counsel), and Coffey Burlington, P.L., Miami, FL (Jeffrey B. Crockett of the bar of the State of Florida, admitted pro hac vice, of counsel), for appellants-respondents.
Moses & Singer LLP, New York (David Lackowitz of counsel), for respondent-appellant/respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered May 23, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the first, second, and sixth causes of action but denied defendant TC Havemeyer Manager LLC's (TC Havemeyer) motion to dismiss the fifth cause of action, unanimously modified, on the law, to deny defendants' motion insofar as plaintiffs Dai Yu, Kai Cho Vincent Chan, and Allen Fu (the Individual Plaintiffs) are concerned, and to strike plaintiffs' demands for lost profits and punitive damages, and otherwise affirmed, without costs.
TC Havemeyer is the manager of Havemeyer Holdings LLC (Havemeyer) and the Individual Plaintiffs are minority members of Havemeyer. TC Havemeyer's interest in enabling Havemeyer to quickly and easily obtain funds from existing investors allegedly conflicted with the Individual Plaintiffs' efforts to obtain complete and accurate information about the refinancing opportunity. Therefore, the fiduciary duty that TC Havemeyer owed to the Individual Plaintiffs includes the duty of full disclosure about the refinancing opportunity (see e.g. Birnbaum v Birnbaum, 73 NY2d 461, 466 [1989]; Shatz v Chertok, 180 AD3d 609, 610-611 [1st Dept 2020]).
Section 4 of the subscription agreements provides that a subscriber has been furnished with and has read Havemeyer's Amended and Restated Operating Agreement and the exhibits thereto (Offering Materials), and that the subscriber has not relied on any other materials or representations. Because TC Havemeyer owed the Individual Plaintiffs a fiduciary duty, defendants cannot rely on section 4 insofar as the Individual Plaintiffs are concerned (see e.g. Dube-Forman v D'Agostino, 61 AD3d 1255, 1257 [3d Dept 2009]; Salm v Feldstein, 20 AD3d 469, 470 [2d Dept 2005]). Supreme Court therefore properly declined to dismiss the fifth cause of action with respect to the Individual Plaintiffs, who are the only plaintiffs alleging breach of fiduciary duty against TC Havemeyer.
By contrast, TC Havemeyer did not owe a fiduciary duty to plaintiff Yuca Capital Partners LP, which, unlike the Individual Plaintiffs, was not a preexisting investor. Because the plain language of section 4 says Yuca is relying solely on the Offering Materials, as a matter of law, Yuca could not have relied on defendant Nicholas Silvers' statement that the refinancing was "already done" (see D'Artagnan, LLC v Sprinklr Inc., 192 AD3d 475, 476-477 [1st Dept 2021]). Rather, Yuca should have exercised a heightened degree of diligence after receiving conflicting statements (see Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 279 [2011] ["When the party to whom a misrepresentation is made has hints of its falsity, a heightened degree of diligence is required of it. It cannot reasonably rely on such representations without making additional inquiry to determine their accuracy"] [internal brackets and quotation marks omitted]). [*2]Yuca's claims for fraud and rescission based upon fraud therefore fail.
Defendants contend that even if section 4 does not bar the Individual Plaintiffs' claims for rescission (first cause of action), fraud (second cause of action) and negligent misrepresentation (sixth cause of action), they fail for other reasons. Contrary to defendants' arguments, these causes of action are viable as to the Individual Plaintiffs. However, they are not entitled to some of the categories of damages they seek.
With respect to justifiable reliance, the beneficiaries of a fiduciary relationship, such as the Individual Plaintiffs, are entitled to rely on their fiduciary's "representations and [its] complete, undivided loyalty" (Frame v Maynard, 83 AD3d 599, 602 [1st Dept 2011] [internal quotation marks omitted]). They are "not required to perform independent inquiries . . . to reasonably rely on their fiduciary's representations" (id. [internal quotation marks omitted]).
As to whether there was a false representation of existing fact, the "representation relied upon must relate to a past or existing fact," as opposed to a representation of what is "hoped or expected to occur in the future" (Zanani v Savad, 217 AD2d 696, 697 [2d Dept 1995]). Here, the statement that "the refinancing was 'already done'" is a factual statement about the past, not an expression of hope about the future.
Plaintiffs also sufficiently allege scienter. Regardless, "[o]rdinarily, intent to commit fraud is a question of fact which cannot be resolved on a motion to dismiss" (ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 131 AD3d 427, 428 [1st Dept 2015]).
Defendants contend that the second cause of action for fraud was properly dismissed as against defendants Rankowitz, Havemeyer, and Tavros Holdings LLC because plaintiffs only alleged that Silvers made a misrepresentation. However, the complaint alleged that Rankowitz sent them a misleading refinance model, and that Silvers and Rankowitz were partners and/or employees of Tavros, which acted on Havemeyer's behalf.
As to the first cause of action for rescission, while they waited more than two years to sue for rescission, plaintiffs informally sought rescission only about two months after they learned that the refinancing was not done. Thus, they did not waive their right to seek rescission.
With respect to the sixth cause of action for negligent misrepresentation, because TC Havemeyer's fiduciary relationship with the Individual Plaintiffs extended to the solicitation of additional investments into Havemeyer, TC Havemeyer was in "a special position of confidence and trust with" the Individual Plaintiffs, who are the only plaintiffs on the negligent misrepresentation claim (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180 [2011] [internal quotation marks omitted]).
The Individual Plaintiffs have thus alleged sufficient facts to withstand the defendants' motion to dismiss, and the first, second and sixth causes of action are reinstated [*3]as to them.
Plaintiffs also seek the return of their lost investment, plus interest. While it is true that the complaint does not allege facts indicating that plaintiffs lost their entire investment, "[p]laintiffs are not required to plead damages for fraud with particularity" (GSCP VI EdgeMarc Holdings, L.L.C. v ETC N.E. Pipeline, LLC, 192 AD3d 454, 456 [1st Dept 2021]). This is not a case like Gordon v Dino De Laurentiis Corp. (141 AD2d 435 [1st Dept 1988]), where "no facts [we]re alleged from which can be inferred the essential element of injury" (id. at 437) and where "[t]he conclusory allegations of the complaint d[id] not contain any factual detail showing specific damages resulting from the purported misrepresentations" (id.).
However, while certain causes of action seek punitive damages, Havemeyer's operating agreement provides, "TO THE EXTENT PERMITTED BY APPLICABLE LAW, EACH MEMBER . . . WAIVES ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER ANY SPECIAL, INDIRECT, CONSEQUENTIAL, EXEMPLARY OR PUNITIVE DAMAGES." Thus, the demands for punitive damages should be stricken and the requests for lost profits also fail (see Rising Sun Constr. L.L.C. v CabGram Dev. LLC, 202 AD3d 557, 558 [1st Dept 2022]).
We have considered the parties' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024