Funding Metrics, LLC v A & A Fabrication & Polishing Corp. (2020 NY Slip Op 05724)





Funding Metrics, LLC v A & A Fabrication & Polishing Corp.


2020 NY Slip Op 05724


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-13542
 (Index No. 57737/17)

[*1]Funding Metrics, LLC, etc., respondent,
v
A & A Fabrication and Polishing Corporation, et al., appellants.


White and Williams LLP, New York, NY (Shane R. Heskin of counsel), for appellants.
Stein Adler Dabah & Zelkowitz LLP, Tarrytown, NY (Christopher R. Murray and Adam J. Stein of counsel), for respondent.



DECISION & ORDER
Appeal by the defendants from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated October 17, 2018. The order denied the defendants' motion to vacate a judgment by confession entered May 18, 2017.
ORDERED that the order is modified, on the law, by adding thereto provisions providing (1) that the branch of the defendant's motion which was to vacate the judgment on the ground that the Supreme Court, Westchester County, lacked subject matter jurisdiction to enter the judgment is denied on the merits, and (2) that the remaining branch of the defendants' motion is denied without prejudice to the commencement of a plenary action; as so modified, the order is affirmed, without costs or disbursements.
On January 26, 2017, the plaintiff, Funding Metrics, LLC, doing business as Lendini, a Delaware limited liability corporation, entered into a merchant agreement with the defendant A & A Fabrication and Polishing Corporation (hereinafter A & A), a California corporation. Pursuant to the merchant agreement, the plaintiff purchased receipts with a face value of $56,000, for payment of the purchase price of $40,000, in exchange for which A & A would provide future receivables to the plaintiff through daily weekday payments of $424.24. The merchant agreement provided that if a defined default occurred, the full uncollected purchase amount would be immediately due and payable to the plaintiff, along with costs and attorney's fees. As part of the merchant agreement, the defendant Amada Henderson, owner and president of A & A, individually and on behalf of A & A, executed an affidavit of confession of judgment authorizing entry of judgment in favor of the plaintiff and against the defendants for the full purchase amount, less any payments made in accordance with the agreement, with interest, and attorney's fees. Pursuant to the affidavit of confession of judgment, the defendants consented to the entry of judgment "in any court, state or federal, sitting in the State of New York including, but not limited to" the Supreme Court, Westchester County.
It is undisputed that in April 2017 the defendants defaulted on their obligations under the merchant agreement. Thereafter, the plaintiff applied in Supreme Court, Westchester County, for a judgment by confession. On May 18, 2017, the Westchester County Clerk entered a judgment in favor of the plaintiff and against the defendants in the total sum of $44,152.24. The defendants moved to vacate the judgment on the grounds that Supreme Court, Westchester County, lacked [*2]subject matter jurisdiction and that the affidavit of confession of judgment violated due process because the defendants did not voluntarily, knowingly, and intelligently waive their right to notice and a hearing prior to the entry of judgment.
By order dated October 17, 2018, the Supreme Court denied the defendants' motion on the procedural ground that the defendants were required to commence a plenary action to vacate the judgment by confession. In the order, the court, nevertheless, went on to discuss and reject the merits of the defendants' arguments in favor of vacatur. The defendants appeal.
"Generally, a person seeking to vacate a judgment entered upon the filing of an affidavit of confession of judgment must commence a separate plenary action for that relief" (Morocho v Monterroza, 170 AD3d 710, 711 [internal quotation marks omitted]). However, a claim that the court lacked the authority to enter the judgment is an exception to the general rule requiring a plenary action, and may be raised by a motion to vacate (see Ripoll v Rodriguez, 53 AD2d 638, 638). Thus, the defendants' contention that the Supreme Court, Westchester County, lacked subject matter jurisdiction to enter a confession of judgment against them was properly raised by way of motion. Nevertheless, the contention is without merit. Pursuant to the version of CPLR 3218(b) applicable at the time the affidavit of confession was filed, "the clerk of the county designated in the affidavit" had authority to enter a judgment by confession against a nonresident defendant (former CPLR 3218[b]). Accordingly, that branch of the defendants' motion which sought to vacate the judgment on the ground that the Supreme Court, Westchester County, lacked subject matter jurisdiction, should have been denied on the merits.
The remaining ground for vacatur relied upon by the defendants does not fall within an exception to the general rule requiring commencement of a plenary action (see Morocho v Monterroza, 170 AD3d at 711; QFC, LLC v Iron Centurian, LLC, 179 AD3d 1110). Therefore, the Supreme Court should have denied that branch of the motion without reaching the merits thereof, and without prejudice to the commencement of a plenary action.
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court