Paycation Travel, Inc. v Global Merchant Cash, Inc. (2021 NY Slip Op 01782)





Paycation Travel, Inc. v Global Merchant Cash, Inc.


2021 NY Slip Op 01782


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-12182
 (Index No. 52579/17)

[*1]Paycation Travel, Inc., respondent,
v
Global Merchant Cash, Inc., appellant.


Abraham Esq. PLLC, New York, NY (Joshua E. Abraham of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to vacate a judgment by confession, the defendant appeals from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated October 7, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the first cause of action as alleged criminal usury in violation of Penal Law § 190.40.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch the defendant's motion which was for summary judgment dismissing so much of the first cause of action as alleged criminal usury in violation of Penal Law § 190.40 is granted.
In May 2016, the plaintiff allegedly entered into a merchant funding agreement (hereinafter the agreement) with the defendant pursuant to which the defendant disbursed funds in exchange for a certain amount of the plaintiff's future receivables. In conjunction with the execution of the agreement, an individual purporting to be a principal, owner, and officer of the plaintiff executed an affidavit of confession of judgment in favor of the defendant. On July 28, 2016, a judgment was entered against the plaintiff based on a breach of the agreement by filing the affidavit of confession of judgment in the Supreme Court. Subsequently, the defendant garnished a bank account belonging to the plaintiff to satisfy the judgment.
Thereafter, the plaintiff commenced this action against the defendant, inter alia, to vacate the judgment. The defendant moved for summary judgment dismissing the complaint. In an order dated October 7, 2019, the Supreme Court denied the motion. The defendant appeals from so much of the order as denied that branch of its motion which was for summary judgment dismissing so much of the first cause of action as sought to vacate the judgment on the ground that it was based on an agreement that contained criminally usurious terms in violation of Penal Law § 190.40.
"A transaction . . . is usurious under criminal law when it imposes an annual interest rate exceeding 25%" (Abir v Malky, Inc., 59 AD3d 646, 649; see Penal Law § 190.40). General Obligations Law § 5-521 bars a corporation such as the plaintiff from asserting usury in any action, except in the case of criminal usury as defined in Penal Law § 190.40, and then only as a defense to an action to recover repayment of a loan, and not as the basis for a cause of action asserted by the corporation for affirmative relief (see LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d 664, 666; Intima-Eighteen, Inc. v Schreiber Co., 172 AD2d 456, 457). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary [*2]judgment dismissing so much of the first cause of action as alleged criminal usury in violation of Penal Law § 190.40.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court