Ah Wines, Inc. v C6 Capital Funding LLC (2022 NY Slip Op 05437)

Ah Wines, Inc. v C6 Capital Funding LLC

2022 NY Slip Op 05437

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, WINSLOW, AND BANNISTER, JJ.

663 CA 22-00220

[*1]AH WINES, INC., GREAT COLISEUM, L.L.C., THE GREAT COLISEUM, L.L.C., GREAT COLISEUM, L.L.C., DOING BUSINESS AS AH WINES, LODI CITY WINERY, LODI WINE COMPANY, WINERY DIRECT DISTRIBUTORS AND JEFFREY WAYNE HANSEN, PLAINTIFFS-APPELLANTS,
v
C6 CAPITAL FUNDING LLC, DEFENDANT-RESPONDENT. 

THE BASILE LAW FIRM P.C., JERICHO (ERIC J. BENZENBERG OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
CARTER LEDYARD & MILBURN LLP, NEW YORK CITY (JACOB HERSHEL NEMON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from a judgment of the Supreme Court, Ontario County (J. Scott Odorisi, J.), entered February 1, 2022. The judgment dismissed the amended complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to vacate a judgment by confession on the ground that it was based on a criminally usurious loan. After plaintiffs filed an initial motion for, inter alia, summary judgment on the amended complaint and that motion was denied without prejudice, plaintiffs filed a second motion seeking the same relief. They now appeal from an order that, inter alia, denied their second motion and, upon searching the record, granted summary judgment in favor of defendant and directed entry of a judgment dismissing the amended complaint. We deem the appeal to be taken from the judgment subsequently entered on that order inasmuch as the notice of appeal "from an order directing summary judgment [is] deemed to specify a judgment upon said order entered after service of the notice of appeal and before entry of the order of" this Court (CPLR 5501 [c]), and we affirm the judgment.
Preliminarily, we note that plaintiffs do not address in their brief on appeal the dismissal of the third and fourth causes of action in the amended complaint, and we therefore deem any challenge to the dismissal of those causes of action abandoned (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
With respect to the other two causes of action, which are based on usury, we conclude that, contrary to plaintiffs' contention, Supreme Court properly granted summary judgment in favor of defendant on the ground that those causes of action are time-barred under CPLR 215 (6). The confession of judgment was signed on November 5, 2018, and it was entered in the court on February 28, 2019. Plaintiffs commenced this action on July 2, 2020. Consequently, even assuming, arguendo, that plaintiffs' first two causes of action are not barred by General Obligations Law § 5-521 (cf. Paycation Travel, Inc. v Global Merchant Cash, Inc., 192 AD3d 1040, 1041 [2d Dept 2021]; Intima-Eighteen, Inc. v Schreiber Co., 172 AD2d 456, 457 [1st Dept 1991], lv denied 78 NY2d 856 [1991]), we conclude that plaintiffs "may not assert a cause of action based on usury since the one-year statute of limitations has expired" (Glassman v Zoref, 291 AD2d 430, 431 [2d Dept 2002]; see Mill St. Realty v Reineke, 159 AD2d 494, 494 [2d Dept 1990]; see also Rebeil Consulting Corp. v Levine, 208 AD2d 819, 820 [2d Dept 1994]).
In light of our determination, we do not consider plaintiffs' remaining contentions.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court