**Pinnacle Funding Plaza Inc v Zeebar Inc**

2025 NY Slip Op 31248(U)

April 10, 2025

Supreme Court, Nassau County

Docket Number: Index No. 620235/2024

Judge: Philippe Solages, Jr.

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At Part 31 of the Supreme Court of the State of New York, held in and for the County of Nassau, at the Courthouse at 100 Supreme Court Drive, Mineola, New York on the 10 day of April 2025.

PRESENT:

HON. PHILIPPE SOLAGES, JR.,
ACTING JUSTICE OF SUPREME COURT

-------------------------------------------------------------------X

PINNACLE FUNDING PLAZA INC,

                   Plaintiff,

       -against-

ZEEBAR INC D/B/A ZEEBAR and ZEEV
BAYER,

                  Defendants.

-------------------------------------------------------------------X

**DECISION & ORDER**

**Index No. 620235/2024**

**The following e-filed documents, listed by NYSCEF document number, were read on this motion (Motion Seq. No. 001): 12-21**

Upon the foregoing papers, plaintiff Pinnacle Funding Plaza Inc ("plaintiff") moves for an order pursuant to CPLR 3211(a)(1) and (7) dismissing the counterclaims asserted by defendants Zeebar Inc d/b/a Zeebar ("Zeebar") and Zeev Bayer ("Bayer") (collectively, "defendants") based upon documentary evidence and failure to state a cause of action. Defendants submit opposition.

1

[* 1]

On or about March 26, 2024, plaintiff entered into an agreement for the purchase of future receivables from defendant/counterclaim plaintiff Zeebar. Pursuant to the agreement, plaintiff purchased $29,980 of Zeebar's future receivables for the sum of $20,000 -- less agreed-upon fees -- with defendant/counterclaim plaintiff Bayer executing a related guaranty agreement. Defendants allegedly defaulted on the agreement, leaving a balance owed of $26,980.68.

On November 14, 2024, plaintiff commenced this action by filing a summons and verified complaint, alleging causes of action for breach of contract and breach of guaranty. On November 17, 2024, defendants served a verified answer, asserting counterclaims for fraud, fraudulent misrepresentation, negligence, breach of implied covenant of good faith and fair dealings, and a declaratory judgment.

Plaintiff now moves to dismiss defendants' counterclaims, maintaining that they are based on allegations of usury, which can only be asserted by corporations and their guarantors as an affirmative defense, and not as a claim for relief. Plaintiff further maintains that documentary evidence in the form of the agreement establishes that the transaction in issue was not a loan and, as such, defendants' counterclaims based upon usury must fail. Defendants oppose plaintiff's motion,

2

[* 2]

asserting that the agreement "may be" a usurious loan and that each of defendants' counterclaims are properly pled.

In determining whether to dismiss a counterclaim pursuant to CPLR 3211(a)(7) for failure to state a cause of action, courts "'must afford the pleading a liberal construction, accept as true all facts as alleged in the pleading, accord the pleader the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (*LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d 664, 665 [2d Dept 2020], quoting *V. Groppa Pools, Inc. v Massello*, 106 AD3d 722, 722 [2d Dept 2013]). A motion to dismiss a counterclaim as barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted "only where the documentary evidence utterly refutes" the factual allegations on which the counterclaim is based and "conclusively" establishes a defense as a matter of law (*First Choice Plumbing Corp. v. Miller L. Offs., PLLC*, 164 A.D.3d 756, 84 N.Y.S.3d 171 [2d Dept 2018]).

Accepting the allegations in the counterclaims as true and affording defendants the benefit of every favorable inference, the Court dismisses defendants' counterclaims pursuant to CPLR 3211(a)(7). As an initial matter, to the extent defendants' counterclaims are based upon allegations that the agreement was a usurious loan, the Court notes that "General Obligations Law § 5-521 bars a corporation . . . from asserting usury in any action, except in the case of criminal

3

[* 3]

usury as defined in Penal Law § 190.40, and then only as a defense to an action to recover payment of a loan, and not as the basis for a cause of action asserted by the corporation for affirmative relief" (*Paycation Travel, Inc. v Global Merchant Cash, Inc.*, 192 AD3d 1040 [2d Dept 2021]; *see also Gen'l Phoenix Corp. v Cabot*, 300 NY 87, 95 [1949] [extending prohibition to guarantors of corporate obligations]). Since usury cannot form the basis of a cause of action for affirmative relief, and plaintiff seeks only to dismiss defendants' counterclaims, and not their affirmative defenses, the Court dismisses all of defendants' counterclaims insofar as they are based on allegations of a usurious loan (*see id.; see also LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d at 666-667 [although criminal usury may be asserted as an affirmative defense, it cannot be asserted on a counterclaim]).[1]

In any event, additional grounds exist to dismiss defendants' counterclaims. Defendants' first and second counterclaims alleging fraud and fraudulent misrepresentations are based upon alleged misrepresentations made by plaintiff to defendants that the agreement was not a loan and that the daily payments were based upon a good faith estimate of Zeebar's future receipts. However, defendants allege no specific facts and fail to satisfy the particularity requirements of CPLR

---

[1] Since defendants are barred from asserting usury as a basis for their counterclaims, the Court need not consider whether the agreement at issue here was a loan.

4

3016(b) (*see Eurycleia Partners, LP v Seward & Kissel, LLP,* 12 NY3d 553, 559 [2009]; *Dumas v Fiorito,* 13 AD3d 332 [2d Dept 2004]). Zeebar make no allegation that the fixed daily payments incorrectly reflected its projected receipts. Nor do defendants allege any misrepresentations that were made collateral to the agreement to induce defendants' reliance. Instead, defendants assert that the fraud was in the "nature of the contract itself, claiming that the agreement was 'misrepresented' to them as an agreement to purchase receivables, while it was actually a usurious loan" (*Tender Loving Care Homes Inc. v Reliable Fast Cash, LLC,* 76 Misc 3d 314, 321 [Sup Ct, Richmond County 2022]). Similarly, defendants' counterclaim for negligence is dismissed, as defendants allege no facts showing any duty owed to them (*see Pasternack v Laboratory Corp. of Am. Holdings,* 27 NY3d 817, 825 [2016]). To the extent defendants imply a duty arising from a usurious loan, no such duty exists since, as noted, usury can only be asserted as a defense, not a claim for relief (*see Paycation Travel, Inc. v Glob. Merchant Cash, Inc.,* 192 AD3d at 1041). For this reason, defendants' counterclaim for declaratory relief is also dismissed. As for defendants' remaining counterclaim for breach of implied covenant of good faith and fair dealings, that claim, too, is dismissed, as it is devoid of factual support.

Based upon the foregoing, it is hereby

[* 5]

**ORDERED**, that plaintiff's motion to dismiss defendants' counterclaims is **GRANTED**, and all counterclaims are hereby **DISMISSED** pursuant to CPLR 3211(a)(7), and it is further

**ORDERED**, that the parties are directed to appear before this Court for a conference on May 8, 2025, at 9:30 a.m.

This shall constitute the Decision and Order of the Court.

ENTER:

_____

HON. PHILIPPE SOLAGES, JR.
A.J.S.C.

6