## 1669 Union St LLC v NY Tower Capital LLC

2026 NY Slip Op 30099(U)

January 26, 2026

Supreme Court, Kings County

Docket Number: Index No. 528745/2024

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 26th day of January 2026

HONORABLE FRANCOIS A. RIVERA

---------------------------------------------------------------------------X

1669 UNION ST LLC and SYLVIA FOSTER,

**DECISION & ORDER**

                  Plaintiffs,           Index No.: 528745/2024

     - against -             Oral Argument: 12/15/2025

                                Cal. No.: 7 & 8

NY TOWER CAPITAL LLC, ISAOA/ATIMA,

                  Defendants.      Ms. Seq. No.: 2 & 3

---------------------------------------------------------------------------X

Upon consideration of Defendant NY TOWER CAPITAL LLC, ISAOA/ATIMA ("NYTC")'s motion to dismiss this action pursuant to CPLR 3211(a)(5) and (a)(7) (NYSCEF Docs. 93-97), the Cross-Motion for partial summary judgment and opposition to dismissal (NYSCEF Docs. 110-118) of Plaintiffs, 1669 UNION ST LLC ("1669 Union") and SYLVIA FOSTER "Foster"), Defendant's opposition to Plaintiffs' cross-motion for summary judgment (NYSCEF Docs. 129-131), Plaintiffs' reply on their cross-motion (NYSCEF Doc. 132), Defendant's reply on its motion to dismiss (NYSCEF Doc. 135), the oral argument before the Court on December 15, 2025[1], and the Court's Order on December 15, 2025 (NYSCEF Doc. 145), the Court holds as follows:

## RELEVANT BACKGROUND and FACTS

---

[1] Plaintiffs appeared by Joseph Rose and Christopher Basile of The Basile Law Firm P.C. Defendant appeared by Ryan D. Mitola of Vallely Mitola Ryan LLC and Christopher R. Murray of Murray Legal, PLLC.

Page **1** of **9**

[* 1]

The underlying facts, which are presumed to be true on a motion to dismiss pursuant to CPLR 3211(a)(7), are as follows. 1669 Union is a limited liability company formed to hold, buy, sell, and rent real property. NYSCEF Doc. 1, p.5. Foster is the managing member of 1669 Union. NYTC is a limited liability company located in New York. On September 9, 2022, NYTC loaned $1,150,000.00 to 1669 Union pursuant to a loan contract and promissory note with a stated interest rate of 13%. NYSCEF Doc. 1, p.5. NYTC was granted a security interest in real property and the membership interest in 1669 Union. NYSCEF Doc. 1, p.6. Foster agreed to personally guaranty repayment of the Note and executed an affidavit of confession of judgment in favor of NYTC. NYSCEF Doc. 1, pp.9-10.

On October 26, 2023, NYTC and 1669 Union entered into a Loan Modification and Extension Agreement, whereby the maturity date of the loan was extended from September 30, 2023, to January 31, 2024. NYSCEF Doc. 1, p.7. On August 16, 2024, the Plaintiffs were found to have defaulted on the promissory note, which resulted in the application of a stated default interest rate of 15%, and NYTC served Plaintiffs with a Notice of Default and December. NYSCEF Doc. 1, pp.7 and 10. On August 26, 2024, NYTC filed the Plaintiffs' affidavit of confession of judgment with the Supreme Court, Kings County in *NY Tower Capital LLC, ISAOA/ATIMA v. Sylvia Foster*, Supreme Court, Kings County, Index No.: 522994/2024. NYSCEF Doc. 1, p.7. On August 26, 2024, the Supreme Court, Kings County, entered judgment in favor of NYTC and against Foster. *Id.*

On September 3, 2024, Plaintiffs, by their counsel the Basile Law Firm, P.C., mailed a letter to NYTC stating Plaintiffs' intent to argue that the loan and all attendant documents are void for usury. NYSCEF Doc. 1, p.7. On September 4, 2024, NYTC, served the Plaintiffs with Notice of Entry of Judgment. NYSCEF Doc. 1, p.8.

Plaintiffs, 1669 Union and Foster, commenced this action on October 23, 2024, by filing a Summons and Complaint with exhibits (NYSCEF Docs. 1-10). The Complaint purports to allege three causes of action: 1) "Vacatur of Confession of Judgment Pursuant to CPLR § 5015(a)(3)" (NYSCEF Doc. 1, p.8); 2) "Vacatur of Confession of Judgment Pursuant to CPLR § 5015(a)(4)" (NYSCEF Doc. 1, p.10); and 3) "Declaratory Judgment that the Note Violates New York's Criminal Usury Statute and the Agreements are Void or Unenforceable Pursuant to N.Y. G.O.L. § 5-511" (NYSCEF Doc. 1, p.11). Plaintiffs sought declarations that the promissory note and other loan documents were void for usury, a declaration that the Court lacked jurisdiction to enter a confession of judgment against Plaintiff Foster, an Order vacating a judgment by confession, resttitution of all payments made by Plaintiffs to Defendant, a permanent injunction against Defendant collecting or enforceing any loan documents with Plaintiffs, compensatory damages, consequential damages, punitive damages, treble damages, attorneys'm fees, and costs, and such other and further relief as the Court deems just and proper. NYSCEF Doc. 1, pp.11-12. The premise of Plaintiffs' first and third claims was that they were suing NYTC on a theory that the underlying loan agreement between 1669 Union and NYTC was void for usury if certain contract terms were recharacterized as interest. The premise of Plaintiffs' second claim was that Foster's affidavit confession of judgment should be rendered void based upon an alleged defect in her affidavit. *See* NYSCEF Doc. 1.

## ANALYSIS

On December 16, 2024, Defendant filed its Answer with Affirmative Defenses. NYSCEF Doc. 56. On September 19, 2025, Defendant filed a motion to dismiss all three of Plaintiffs' claims for failure to state a cause of action pursuant to CPLR 3211(a)(7) and to dismiss Plaintiffs' third cause of action as time-barred pursuant to CPLR 3211(a)(5). On October 10, 2025, Plaintiffs

Page **3** of **9**

cross-moved for summary judgment pursuant to CPLR 3212 seeking partial summary judgment on Plaintiffs' second claim.

Defendant's motion to dismiss Plaintiffs' third claim pursuant to CPLR 3211(a)(5) is denied without prejudice to Defendant's ability to make its statute of limitations argument in a summary judgment motion pursuant to CPLR 3212. A motion to dismiss on the grounds set forth in CPLR 3211(a)(5) is required to be filed pre-answer or else it should be pled in the answer and adjudicated at trial or summary judgment. *Wan Li Situ v. MTA Bus Co.*, 130 A.D.3d 807, 808 (2d Dept. 2015). Here, Defendant's motion to dismiss was filed ten months after they filed their Answer with Affirmative Defenses and, as such, Defendant's motion to dismiss pursuant to CPLR 3211(a)(5) is untimely. Although Defendants are correct that the Court has discretion to consider Defendant's statute of limitations argument by converting, pursuant to CPLR 3211(c), this branch of the motion to a motion for summary judgment under CPLR 3212, the Court exercises its discretion and declines to do so because the cause should be dismissed on other grounds.

Defendant's motion to dismiss Plaintiffs' second claim for "Vacatur of Confession of Judgment Pursuant to CPLR § 5015(a)(4)" pursuant to CPLR 3211(a)(7) is granted for the reasons set forth in Defendant's motion. As Defendant's motion to dismiss this claim is granted, Plaintiffs' cross-motion for summary judgment on this claim must be denied.

Although Plaintiffs are correct that vacatur of a judgment by confession is a form of remedy that a party can seek in a plenary action, Plaintiffs are not absolved of the obligation to state a cognizable cause of action to serve as the basis for requesting such a remedy. *Burtner v Burtner*, 144 A.D.2d 417 (2d Dept. 1988) (movant was "not without a remedy and can commence a plenary action to seek relief from the confession of judgment on other grounds, including fraud."); *Friar v. Vanguard Holding Corp.*, 78 A.D.2d 83, 90 (2d Dept. 1980) (dismissing cause

[* 4]

of action because it was a form of remedy and not a standalone cause of action upon which a remedy is granted).

Defendant correctly points out that CPLR 5015 is not a cause of action, but a form of motion. *Oakshire Props., LLC v. Argus Capital Funding, LLC*, 229 A.D.3d 1199, 1202 (4th Dept. 2024) (holding that CPLR 5015 'is not a cause of action' in itself but, rather, merely the procedural means for making a motion to vacate a judgment or order."); *NRO Boston LLC v. CapCall LLC*, 2020 N.Y. Misc LEXIS 4064 (Sup. Ct. Westchester Cnty. Jul. 8, 2020) ("Turning next to the Third Cause of Action, which seeks to vacate the judgments pursuant to CPLR § 5015, the Court finds that this is not a cause of action."). Unlike *Oakshire Props.*, 229 A.D.3d at 1202, where the plaintiffs' claim survived as the plaintiffs had effectively alleged a fraud claim, the Plaintiffs' Complaint in this action does not allege a cognizable cause of action.

Substantively, Plaintiffs allege that Foster's affidavit of confession of judgment was defective because it was required to state the county where the defendant resides. NYSCEF Doc. 1, p.10. The Court does not agree with this contention. The affidavit of confession of judgment, which was attached to the Complaint, satisfies the requirement to state the county because Foster attested to her full address of "95 Linden Blvd 28B, Brooklyn, New York 11226" in the affidavit of confession of judgment. There can be no confusion that the full address refers to Kings County, because that address exists only in Kings County. Additionally, Foster authorized entry of judgment in Kings County. As explained in *Matter of Taylor v. Clarke*, 46 Misc. 3d 1215(A) (Sup. Ct. Kings Cnty. 2014), a "requirement that must be strictly complied with" "to indicate his or her county" "is effectively done by the identification of the county as Brooklyn, NY" because "the territory of Kings County and that of the Borough of Brooklyn is coextensive." Thus, Plaintiffs'

[* 5]

argument[2] that the affidavit of confession of judgment was technically defective is incorrect. Moreover, minor technical disputes about county requirements in affidavits of confession of judgment where the provisions of CPLR 3218 were substantially satisfied do not give rise to a jurisdictional basis to vacate the judgment by confession. *Funding Metrics, LLC v. A & A Fabrication & Polishing Corp.*, 187 A.D.3d 857, 859 (2d Dept. 2020). Ultimately, the Plaintiffs lack standing to argue that an alleged defect in their own affidavit of confession of judgment can serve as the basis for vacatur of the judgment against them. *Last Chance Funding, Inc. v. Tom Agler Livestock, LLC*, 236 A.D.3d 1006, 1008 (2d Dept. 2025); *McDaniel v. Sangenino*, 67 A.D.2d 698, 698 (2d Dept. 1979). The technical requirements of an affidavit of confession of judgment are intended to protect third party creditors of the judgment debtor, who would be injured by a collusively obtained confession, not the judgment-debtors. *Eurofactors Int'l, Inc. v. Jacobowitz*, 21 A.D.3d 443, 445 (2d Dept. 2005). The foregoing is fatal to Plaintiffs' second claim.

Defendant's motion to dismiss Plaintiffs' first claim for "Vacatur of Confession of Judgment Pursuant to CPLR § 5015(a)(3)" and third claim for "Declaratory Judgment that the Note Violates New York's Criminal Usury Statute and the Agreements are Void or Unenforceable Pursuant to N.Y. G.O.L. § 5-511" pursuant to CPLR 3211(a)(7) is granted for the reasons set forth in Defendant's motion. Plaintiffs' first claim suffers from the same issue as their second claim, CPLR 5015(a) is not a cause of action. *Oakshire Props.*, 229 A.D.3d at 1202. Thus, the Court must look to the substance of Plaintiffs' claim. Here, there is no dispute that Plaintiffs' first claim

---

[2] Plaintiffs' reliance on *Porges v. Kleinman*, 2024 N.Y. Slip Op 30248(U), at *2 (Sup. Ct. Kings Cty., Jan. 16, 2024) is misplaced because in that case the Court placed special emphasis on the fact that "the affidavit does not contain the [judgment debtor]'s address at all," a fact that makes *Porges* wholly distinguishable from the case at bar. Additionally, *Porges* involved the distinguishable fact that the judgment creditor's attorney had altered the affidavit's caption from "'County of New York' which was then crossed out and changed to say 'Kings.'"

Page **6** of **9**

[* 6]

seeks to vacate the judgment by confession on a theory that the loan was allegedly usurious. Similarly, Plaintiffs' third claim seeks relief on a theory that the loan was allegedly usurious.

Defendant argues that Plaintiffs, a business entity and its individual guarantor, cannot sue Defendant for legal theories based upon usury. *LG Funding, LLC v. United Senior Props. of Olathe, LLC*, 181 A.D.3d 664, 667 (2d Dept. 2020) (dismissing the defendants' usury counterclaim because business entities and their guarantors cannot assert usury as the basis for a claim under New York law). It is well settled that usury "may only be raised as an affirmative defense and may not be asserted as a direct cause of action against the lender." *Powercap Partners LLC v. Beaux Equities LLC*, 2023 N.Y. Misc. LEXIS 20, *16-17 (Sup. Ct. Kings Cnty. 2023); *see also Phantom Advance LLC v. Top House Props. & Invs. LLC*, 2025 N.Y. Misc. LEXIS 75, *6 (Sup. Ct. Kings Cnty. 2025) (same). Individual guarantors of business loans are subject to the same limitations as the business borrowers. *General Phoenix Corp. v. Cabot*, 300 N.Y. 87, 95 (1949); *Arbuzova v. Skalet*, 92 A.D.3d 816 (2d Dept. 2012); *Pepin v. Jani*, 101 A.D.3d 694 (2d Dept. 2012).

Plaintiffs argue that they can circumvent the prohibition against asserting a usury claim by arguing that their claim is defensive in nature. In doing so, they depend almost entirely upon *Haymount Urgent Care PC v. GoFund Advance, LLC*, 635 F. Supp. 3d 238 (S.D.N.Y. 2022) for the proposition that "Defendants cite no case, nor is the Court aware of any, where New York courts have disallowed corporations from relying on usury as a defense to attempts to enforce features of an allegedly usurious contract against them..." NYSCEF Doc. 78, p.13, note 13. Leaving aside the fact that Plaintiffs' Complaint seeks injunctive relief, declaratory relief and various categories of money damages that are characteristically offensive, Plaintiffs' argument has been rejected by the Appellate Division, Second Department. *Paycation Travel v. Glob. Merch.*

[* 7]

*Cash*, 192 A.D.3d 1040 (2d Dept. 2021). In *Paycation Travel*, the Second Department held that the trial court should have dismissed the plaintiffs' claims to vacate a judgment by confession on a theory that the underlying transaction was void for usury because business entities and their guarantors are barred from asserting claims for usury. *Paycation Travel*, 192 A.D.3d at 1041. Trial courts have consistently rejected the Plaintiffs' argument.[3] Indeed, even *Haymount Urgent Care PC v. GoFund Advance, LLC*, 635 F. Supp. 3d at 243, the case Plaintiffs rely upon, acknowledged that the *Haymount* plaintiffs' claim for a declaration that an agreement was void for usury was properly dismissed because the Plaintiffs cannot sue for usury. The Court is constrained to follow the law as articulated by the Second Department and Plaintiffs have identified no authority from the Second Department or the Court of Appeals contradicting *Paycation Travel v. Glob. Merch. Cash*. As the Plaintiffs cannot sue for usury, and their first and third claims do not attempt to allege a claim on any basis other than usury, the Plaintiffs' first and third claims must also be dismissed.

For the reasons set forth above, it is:

ORDERED that Plaintiffs' cross-motion for partial summary judgment on Plaintiffs' second cause of action is denied;

---

[3] *Progressive Water Treatment Inc. v. Yellowstone Capital LLC*, 2021 N.Y. Misc LEXIS 5 (rejecting this argument made by Plaintiffs' counsel in another action); *A&A Fabrication and Polishing Corp. v. Funding Metrics, LLC*, 2021 N.Y. Misc. LEXIS 2317 at *7 ("This Court rejects plaintiffs' characterization of their claims for affirmative relief based on usury as, in effect, affirmative defenses..."); *Bright Kids NYC, Inc. v. Quarterspot, Inc.*, 2021 U.S. Dist. LEXIS 178867 (S.D.N.Y. Sept. 20, 2021) (finding no authority in New York permitting corporate borrower to affirmatively sue lender for usury even if the goal is defensive); *Collins v MCA Receivables, LLC*, 2024 U.S. Dist. LEXIS 11505, *10-11 (S.D.N.Y. 2024); *Streamlined Consultants, Inc. v. EBF Holdings, LLC*, 2022 U.S. Dist. LEXIS 171085, *12 (S.D.N.Y. 2022).

[* 8]

ORDERED that Defendant's motion to dismiss Plaintiffs' third cause of action pursuant to CPLR 3211(a)(5) is denied;

ORDERED that Defendant's motion to dismiss Plaintiffs' first, second, and third causes of action pursuant to CPLR 3211(a)(7) is granted;

ORDERED that the Clerk shall enter a judgment of dismissal of this action in favor of Defendant and against the Plaintiffs, jointly and severally; and

ORDERED that the Preliminary Injunction dated August 7, 2025, and entered on August 8, 2025, is vacated, and that Defendant is entitled to payment of the full Bond Amount from the funds placed in escrow pursuant to the Court's preliminary injunctiuon.

The foregoing constitutes the decision and order of this Court.

ENTER: _____

Françcois A. Rivera

J.S.C.